CREDILLE, executor, *et al. v.* CREDILLE *et al.*

123 673
f127 7C0

1. Upon the trial, before a jury, of an issue of devisavit vel non, when in the paper propounded as the will the alleged testator has not left his property to strangers, but to one of his sons and such son's wife and children, the principle laid down in the latter clause of section 3258 of the Civil Code is not applicable, and it is erroneous to give it in charge.

2. Upon the trial of such an issue, the burden, in the first instance, is upon the propounder of the alleged will to make out a prima facie case, by showing the factum of the will and that at the time of its execution the testator apparently had sufficient mental capacity to make it and, in making it, acted freely and voluntarily. When this is done, the burden of proof shifts to the caveators.

3. Declarations of the testator, made within a few months after the date when the alleged will purports to have been executed, to the effect that he had not made a will, and that if he had signed a paper purporting to be one, he did not know what he was doing, are admissible in evidence, not as evidence of the truth of the facts so stated, nor as evidence that any fraud was practiced upon him or any undue influence exerted over him in the matter, nor as evidence that he had revoked the will, but simply for the purpose of showing the state of his mind when the paper purporting to be his will was executed, and whether or not he then had sufficient mental capacity to make a will, or was then in such a mental condition as to be easily and unduly influenced by another.

Submitted May 18, — Decided August 3, 1905.

Petition to set aside probate. Before Judge Lewis. Greene superior court. August 20, 1904.

*Samuel H. Sibley* and *James B. & Noel P. Park,* for plaintiffs in error. *James Davison,* contra.

FISH, P. J. Reuben A. Credille died September 8, 1902, aged seventy-six years, leaving as his next of kin four sons and two daughters, all of age. On the tenth of October thereafter a paper purporting to be his last will and testament was probated, in common form, by his son, W. Florence Credille, the date of its execution being February 27, 1902. In it the testator gave the bulk of his property, consisting of his old homestead of 650 acres of land, to this son, his wife, and children. He gave nothing to his other children, except to one other son, to whom he bequeathed a feather bed and pillows. W. Florence Credille was named as sole executor in this instrument. Some months after the probate the other three sons and one of the daughters of the testator brought a petition in the court of ordinary, to set aside and cancel this will, against W. Florence Credille, as executor and as an in-

dividual, and his wife, Mrs. Annie Credille, and their seven minor children, naming them. In the petition it was charged that at the time the alleged will purported to have been executed Reuben A. Credille was paralyzed and was totally lacking in capacity, both mentally and physically, to make and execute a will; that at the date of the paper purporting to be his will he was sick and in bed at the home of W. Florence Credille and entirely under his influence; that if he signed such paper at all, he was moved thereto by undue influence exerted over him by said W. Florence Credille; that if he signed said will, it was not his will, because fraud was practiced upon him by which he was made to believe that he was signing an entirely different instrument, and that the instrument probated was a paper of which the deceased knew nothing; and that this imposition was practiced upon him by W. Florence Credille. W. Florence Credille was appointed guardian ad litem for his children; and the defendants answered, denying the charges of the petition, and alleging that at the date of the will the testator was of sound mind and disposing memory and fully capacitated to make a will, and did make the will in question, uninfluenced by any of the defendants or by any other person, and of his own free will and mind. The case thus made was appealed by consent from the court of ordinary to the superior court, where it was tried, the trial resulting in a verdict and judgment in favor of the caveators and setting aside the will. The defendants moved for a new trial, which was refused, and they excepted.

1. Upon the trial the court gave section 3258 of the Civil Code in charge to the jury. That section reads as follows: " A testator, by his will, may make any disposition of his property not inconsistent with the laws or contrary to the policy of the State; he may bequeath his entire estate to strangers, to the exclusion of his wife and children, but in such case the will should be closely scrutinized, and, upon the slightest evidence of aberration of intellect, or collusion or fraud, or any undue influence or unfair dealing, probate should be refused." One ground of the motion for a new trial alleges that the court erred in giving this instruction, the assignment of error being that the facts of the case did not authorize it and that it tended to prejudice the case of the propounders in the minds of the jury. We think a new trial should

have been granted upon this ground of the motion. The testator did not leave his property to strangers, but to his son, Florence, and his wife and children; and the strict rule, that upon the slightest evidence of aberration of intellect, or collusion or fraud, or any undue influence or unfair dealing, probate of the will should be refused, which is applicable to cases in which a testator leaves his property to strangers, to the exclusion of his wife and children, should not have been given in charge. The contention that if there were error, it was harmless, as the evidence showed that the testator did not leave his property to strangers, and therefore the jury would understand that this rule or principle was not applicable to the case before them, is in conflict with the decision of this court in *Wetter* v. *Habersham*, 60 *Ga.* 193. There a testatrix, who left no children or descendants of children, bequeathed the bulk of her property to strangers, and so bequeathed all of it, "if the word 'strangers' be taken to mean any persons not bearing the relationship of husband and wife or children." It was held, that as the heirs at law of the testatrix, who were contesting the will, were her remote or collateral kindred, it was erroneous to give in charge to the jury the latter clause of this section of the code. If it is erroneous to give it in charge in a case in which both the legatees and the kindred excluded by the will stand, relatively to the testatrix, upon the footing of strangers, then it must follow that it is equally erroneous to give it in charge in a case where both the legatees and the kindred excluded stand upon the footing of children. The evidence upon which the will in the present case was set aside by no means demanded such a verdict, and the giving of this erroneous instruction requires the grant of a new trial.

2. Another ground of the motion was, that the court erred in charging as follows: "The burden of proof in the case rests upon the propounders of the will in the first instance. In the opening of the case the burden of proof is upon Florence Credille to propound the will, and he is here to-day asking that the will be sustained as a valid will. The burden rests upon him to show that the paper was executed, and to show the capacity of the testator." There was no error in this charge. It was in accordance with the decisions of this court in *Evans* v. *Arnold*, 52 *Ga.* 169, and *Wetter* v. *Habersham*, supra. All that the propounders

of a will have to do, in a case like this, is to make out a prima facie case, that is, to show the factum of the will and that at the time of its execution the testator apparently had sufficient mental capacity to make it, and, in making it, acted freely and voluntarily; but they must do this much before the onus is shifted to the caveators. In *Thompson* v. *Davitte*, 59 *Ga.* 472, 475, Bleckley, J., said: "The truth is, that what the propounders have to carry, on the score of sanity and freedom, is more in the nature of ballast than of cargo. It is just burden enough to sail with — no more." In *Freeman* v. *Hamilton*, 74 *Ga.* 317, where the paper propounded as a will was attacked upon grounds similar to those involved in the present case, it was held that while a charge, that "when a paper is presented to the court purporting to be a will, it must be satisfactorily shown to the jury that the person making it had legal capacity to make it; that it was freely and voluntarily made; that it is a fair and legal expression of the intention; the burden of proof is on the person offering it," was correct as far as it went, the court should have gone further and added, that, when the propounder showed the testamentary capacity of the testator, and that the will was made freely and voluntarily, then the onus was changed, and the burden of proof was on the caveators to make their grounds of objection good. In the case under consideration, it appears, from the charge of the court contained in the record, that the instruction complained of was carefully qualified in accordance with the decision just above cited.

3. The motion for a new trial also complained of the admission in evidence of various declarations made by the testator after the date when the paper purporting to be his will appears to have been executed. One of these declarations was to the effect that he had not made a will; two others were that he never made a will in his life, and the other was that he understood there was what was supposed to be a will he had made in Greensboro, and he wanted the person to whom the declaration was made to bear witness, if he [the testator] had signed such a paper, he didn't know anything about what he was doing. These declarations were admissible, not as evidence of the facts which they purported to declare, nor as evidence that any fraud was practiced upon the testator, or any undue influence exercised over him, nor as evidence of a revocation of any will that he might have made, but as

tending to show the state of his mind when the paper purporting to be his will was executed and whether he then had sufficient capacity to make a will, or was then in such a mental condition as to be easily and unduly influenced by another. *Dennis* v. *Weeks*, 51 *Ga.* 24; *Mallery* v. *Young*, 94 *Ga.* 804. The court very carefully and fully instructed the jury as to the purpose for which these declarations were admissible, and the purposes for which they were not admissible, and plainly told them that such declarations could not be considered as evidence to show that the paper was not executed, or that fraud and undue influence were practiced upon the testator, or for the purpose of revoking the will, and that these declarations were no proof of the facts stated therein. There was no error in admitting them for the purpose to which the court limited their consideration by the jury.

The other grounds of the motion are the general ones and grounds of the same nature, complaining that the verdict was contrary to various quoted extracts from the charge of the court.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent.*