22208. ENGLISH v. SHIVERS et al.

ARGUED OCTOBER 14, 1963—DECIDED NOVEMBER 19, 1963—
REHEARING DENIED DECEMBER 2, 1963.

*Randall Evans, Jr., Jack D. Evans,* for plaintiff in error.
*W. Tom Veasey, J. Cecil Davis, E. Purnell Davis,* contra.

GRICE, Justice. Rulings adverse to probate of a will are assigned as error here. The purported will of Mrs. LeVert Shivers was denied probate by the Superior Court of Warren County, when the propounder Emmett Johnson English sought to establish it in solemn form against caveat by Guy H. Shivers and other relatives of Mrs. Shivers. The court of ordinary of that county had previously probated the document and the caveators had appealed.

The caveat was upon three grounds, adjudication of insanity, monomania, and undue influence. The propounder moved to

strike this caveat as a whole and each ground thereof, but the motions were denied.

Upon the trial of the case, at the close of the evidence the propounder moved for a directed verdict as to each of the grounds of caveat. This motion was denied. The jury then returned a verdict against probate.

Thereafter, the propounder filed a motion for judgment notwithstanding such verdict and also a motion for new trial upon the general as well as several special grounds. Both motions were denied.

While error is assigned upon the denial of each of the foregoing motions, we deem it necessary to deal only with those to strike the caveat.

■ The first of those motions was directed to the caveat as a whole. It asserted that the three grounds of the caveat, based upon general insanity, monomania, and undue influence, respectively, are contradictory to and of each other and so repugnant one to the other that they can not be joined in a caveat, and that if any one ground could be sustained this would negate and discredit the other two, and therefore the caveators should be required to elect which ground they would proceed upon.

Even if, as contended, these three grounds are contradictory, this affords no basis to strike the entire caveat. A caveat to the propounding of a will does not stand upon the same footing as a pleading in an ordinary proceeding insofar as such requirement of election is concerned. Compare *Underwood v. Thurman,* 111 Ga. 325 (36 SE 788), involving a caveat urging grounds including lack of testamentary capacity and undue influence. Also see *Galloway v. Hogg,* 167 Ga. 502 (2) (146 SE 156), where this court held: "The grounds of caveat being lack of mental capacity to make a will and undue influence in procuring it, an instruction which eliminated from the jury's consideration the question of undue influence was error."

It was not error to deny the motion to strike the caveat as a whole.

■ We next consider the denial of the propounder's motion to strike the ground of caveat based upon general insanity. That ground alleges that "At the time [Mrs. Shivers] signed her name

to said pretended will, she was not of sound and disposing mind and memory and did not fully understand the effect of her action but was suffering from arteriosclerosis of the brain and monomania to such an extent that she did not have testamentary capacity and had on the 6th day of April, 1953, been adjudged insane by a jury in the Court of Ordinary of Warren County, Georgia, and never subsequently adjudged sane."

(a) The contention is made that there is an inconsistency and repugnancy between the allegations of the same caveat, to wit, complete and partial insanity, complete insanity in view of the adjudication of the court of ordinary and partial insanity by reason of monomania. This position is not maintainable. No facts whatever are alleged as to the so-called monomania, and therefore no issue of monomania is raised. Cf. *Hall v. Burpee,* 176 Ga. 270 (1) (168 SE 39) (two Justices dissenting on other grounds).

(b) Nor is there merit in the contention that since the caveat alleges that Mrs. Shivers did not "fully" understand the effect of her will, it must be construed that she did understand to some extent and therefore had testamentary capacity.

This contention fails because this ground of caveat also alleges that at the time she executed the will, Mrs. Shivers "was not of sound and disposing mind," and, as held in *Stephens v. Hughey,* 174 Ga. 561 (1) (162 SE 915), this allegation is sufficient to raise the issue of devisavit vel non.

Furthermore, this ground of caveat states that Mrs. Shivers "had been adjudged insane by a jury . . . and had never been subsequently adjudged sane." The rule as to this is "When insanity is once found, upon an inquisition of lunacy, it is presumed to continue; and the *onus* is cast upon those offering a will, to show that the disqualification has been removed." *Terry v. Buffington,* 11 Ga. 337 (5) (56 AD 423). See also *Evans v. Arnold,* 52 Ga. 169, 181-182; *Belk v. Colleas,* 207 Ga. 328 (61 SE2d 464). Here, from the caveat, no restoration of sanity or execution of the will during a lucid interval appears, so the presumption of insanity continues.

This ground of caveat effectively alleges lack of testamentary capacity by reason of insanity, and the motion to strike it was properly denied.

■ We turn now to the denial of the propounder's motion to strike the portion of the caveat based upon monomania, upon the ground that the allegations made therein are mere conclusions, and insufficient for monomania.

This ground of caveat alleged as follows: "At the time of the making of said pretended Will, [Mrs. Shivers] was afflicted with monomania upon the subject of money and upon the failure of her husband . . . to Will all of his property to her, which was aggravated by the refusal of her children to waive their rights to share in their father's estate and to turn over to and deliver to her the entire estate of their father. This failure resulted in [her] developing an intense hatred against her children and developing the belief that her children were receiving from their father's estate what rightfully belonged to her and did not give her enough to live on nor her proper proportion of his estate that the law entitled her to and were mistreating her to this extent and this monomania was such that it could not be reasoned out of her. The Will is a result of this monomania and delusion that her children had mistreated her by not turning all of their father's estate over to her and the result of a delusion that she was entitled to the entire estate of her husband and that her children were not entitled to share therein and had taken from her property which rightfully belonged to her."

In our view this ground of caveat was subject to the attack made upon it. It fails to allege the most basic element of monomania, that the beliefs had no foundation in fact.

"[Monomania] means a mental disease, not merely the unreasonable conduct of a sane person. It is a species of insanity . . . The person so affected is subject to hallucinations and delusions, and is impressed with the reality of events which have never occurred and things which do not exist, and his actions are more or less in conformity with his belief in these particulars . . . It is not every delusion which will deprive one of testamentary capacity. It must be an insane delusion. A definition of such a delusion which has been approved by this court is that it exists wherever a person conceives something extravagant to exist which has no existence whatever, and he is incapable of being permanently reasoned out of that conception. *Bohler v.*

*Hicks,* 120 Ga. 800, 804 (48 SE 306). The subject-matter of the insane delusion must have no foundation in fact, and must spring from a diseased condition of mind. It does not mean merely a mistaken conclusion from a given state of facts, nor a mistaken belief of a sane mind as to the existence of facts. . .

"Mere jealous suspicions, though groundless, are not enough. The test to distinguish between a delusion used in the sense of a mistake of fact, and a delusion which is the offspring of a deranged mind, is thus stated by Mr. Justice Evans in *Bohler v. Hicks,* supra: 'The latter springs spontaneously from disordered intellect; while the former is the result of an erroneous conclusion based upon either a mistake of fact or an illogical deduction drawn from facts as they really exist.' Again he says: 'The very name "monomania" implies partial insanity and excludes the idea of any sort of ratiocination as to the particular subject to which the partial insanity relates. Monomania can not be implied because a person takes a narrow, or prejudiced, or utterly illogical view of a particular subject'." *Dibble v. Currier,* 142 Ga. 855, 856-857 (83 SE 949, AC 1916C 1) (one Justice absent). See also *Lee v. Boyer,* 217 Ga. 27 (120 SE2d 757); *Thornton v. Hulme,* 218 Ga. 480 (2) (128 SE2d 744).

Applying the foregoing principles to the allegations of this ground of caveat, we observe that there is no statement that Mrs. Shivers' alleged beliefs were without any foundation in fact. On the contrary, from what is alleged, they *were* based on fact.

The first sentence of this ground of caveat, reciting that she was afflicted with monomania on the subject of money and the failure of her husband to will all of his property to her, and the aggravation of this by her children's refusal to waive their rights in and deliver to her the entire estate of their father, alleges but a conclusion as to the subject matter of her alleged monomania and the aggravation of her condition by her children's not giving her the entire estate. There is no allegation that the alleged condition of the testatrix had no foundation in fact.

The second sentence, asserting that such failure of her children resulted in her developing an intense hatred against them and the belief that they were receiving from such estate what rightfully belonged to her, were not giving her enough to live on or

her proper and legal part of the estate, and were mistreating her to this extent, which belief could not be reasoned out of her, likewise alleges no lack of foundation in fact. On the contrary, these allegations, construed most strongly against the caveat, as they must be, plead only unyielding resentment against what she considered to be mistreatment of her by her children.

The last sentence, alleging that the will was the result of "this monomania and delusion" as to her children's actions, adds nothing, in spite of the labeling as "monomania" and "delusion."

At most, then, Mrs. Shivers' alleged beliefs were "the result of an erroneous conclusion based upon an illogical deduction drawn from facts as they really exist," and, as stated in *Bohler v. Hicks*, quoted in *Dibble v. Currier*, supra, that does not constitute the *insane* delusion which is necessary for monomania.

The allegations in this ground of caveat do not, as we appraise them, support the conclusion of monomania sought to be drawn from them. The motion to strike this ground should have been granted.

■ Next, we review the denial of the propounder's motion to strike that portion of the caveat predicated upon undue influence, upon the ground that its allegations are mere conclusions and insufficient in law for undue influence.

This ground of caveat alleges as follows: "The said Mrs. LeVert Shivers did not execute said Will voluntarily but was moved thereto by undue influence and persuasions over and of her by the said Emmett Johnson English so that the Will and desire of the said Emmett Johnson English was substituted for the Will of Mrs. LeVert Shivers, and it is, therefore, not her Will. The said Emmett Johnson English would go to the home of the said Mrs. LeVert Shivers and remain there in a drunken condition for days at a time and, as he would sober up, he would complain to Mrs. Shivers that he was sick and needed more whiskey to help him sober up and get well. He ingratiated himself into the affection of Mrs. Shivers by these complaints and she would go and buy his whiskey. After he had sobered up and when he was at her home and sometimes at her home before he got drunk, he would make love to the said Mrs. Shivers and made her believe that he was in love with her and that her chil-

dren had treated her wrongfully in a division of the estate of A. R. Shivers by not giving her what she was entitled to. All of this action was for the purpose of ingratiating himself into the affection of Mrs. Shivers so as to obtain a Will conveying to him all of her property. Said Will is the product of this influence and caused the said Mrs. LeVert Shivers to execute said pretended Will giving all of her property to the said Emmett Johnson English, and conduct on the part of the said Emmett Johnson English had the effect of coercing her to the extent of destroying her free agency, and operated on the mind of the said Mrs. LeVert Shivers at the time the pretended Will was executed."

Those allegations, as we evaluate them, conform to the essentials, as laid down in our Code and decisions, for pleading undue influence.

The Code defines undue influence as "anything which destroys . . . freedom of volition invalidates a will, such as fraudulent practices upon testator's fears, affections, or sympathies, duress or any undue influence, whereby the will of another is substituted for the wishes of the testator." *Code* § 113-208. This court has repeatedly held that the undue influence must amount to "fear, force, overpersuasion, or coercion, to the extent of destroying the free will power of the testator and in effect make the will the mental offspring of another," *Crawford v. Crawford*, 218 Ga. 369, 370 (128 SE2d 53), but that "bare conclusions" such as "fraud, scheme, device and undue influence," are insufficient allegations in a caveat to present an issue. *Marlin v. Hill*, 192 Ga. 434 (15 SE2d 473). It has also many times held that "to request or even to importune one to make one the beneficiary is not necessarily the exertion of undue influence." *Peavey v. Crawford*, 182 Ga. 782, 786 (187 SE 13, 107 ALR 828).

The allegations here, as we survey them, are not of. mere importunities or entreaties. Nor are they conclusions. They are facts which plead undue influence.

This ground of caveat alleges (1) the propounder's drunken condition in the testatrix's home, his complaints to her, his ingratiation into her affection thereby and (2) his making love to her and making her believe that he loved her and also making her believe that her children had mistreated her as to the Shivers

estate. Then it alleges that "All *this* action was for the *purpose of ingratiating* himself into the affections of Mrs. Shivers *so as to obtain a Will* conveying to him all of her property," that "Said Will is the product of this influence and caused [her] to execute said pretended Will," and further that, "*conduct* on the part of [the propounder] had the effect of *coercing* [her] to the extent of destroying her free agency, and operated on [her] mind at the time the pretended Will was executed." (Emphasis ours.)

These allegations of fact and effect supply the essentials of undue influence. We, therefore, conclude that this ground of the caveat was not subject to the attack made by the motion to strike it.

■ In view of the rulings made in Divisions 2 and 4, upholding those grounds of the caveat, the trial court properly denied the propounder's motion to strike the caveat as a whole upon the ground that its allegations failed to set forth any good and valid cause to set aside the will.

■ The erroneous denial of the propounder's motion to strike the ground of the caveat relying upon monomania as lack of testamentary capacity, as ruled in Division 3, rendered nugatory the rulings upon the motion for new trial and motion for judgment notwithstanding the verdict and therefore the assignments of error based thereon will not be considered here.

*Judgment affirmed in part, reversed in part. All the Justices concur. Duckworth, C. J., concurs in the judgment but dissents from the ruling in Division 4 of the opinion.*