### 35227. JOHNSON v. DODGEN.

MARSHALL, Justice.

The appellant, William T. Johnson, filed an application to probate in solemn form the will of Mrs. Inez Dodgen Ball. The appellee, William H. Dodgen, filed a caveat to probate of the will. By consent of the parties, the case was transferred from probate court to superior court.

In superior court, the jury returned a verdict finding against the will. The propounder appeals.

The testatrix was a rather elderly lady, who had diabetes and other health problems. Her physician recommended that she go into a nursing home in order to control diabetic seizures suffered by her or she would die. When the caveator, her nephew, suggested that she go into a nursing home, she went into a rage and eventually became imbued with the idea that he was the reason she had to go into the nursing home, and that he wanted her to go into the nursing home in order to steal her possessions. She revoked a will naming the caveator as the sole beneficiary, and she wrote a new will, which is the will being offered for probate.[1]

1. On appeal, the caveator argues that the jury was authorized to invalidate the will on the ground of monomania. The term "monomania" means partial insanity. See 1 Redfearn, Wills and Administration in Ga. 80, § 42 (3rd. Ed.). That is, the monomaniac is sane generally, but insane on a particular subject or class of subjects. E.g., *Bohler v. Hicks,* 120 Ga. 800 (1) (48 SE 306) (1904). In medical parlance, the monomaniac suffers from insane delusions. "A definition of such a delusion which has been approved by this court is that it exists wherever a person conceives something extravagant to exist which has no existence whatever, and he is incapable of being permanently reasoned out of that conception. *Bohler v. Hicks,* 120 Ga. 800, 804 (48 SE 306). The subject-matter of the insane delusion must have no foundation in fact, and must spring from a diseased condition of mind. It does not mean merely a mistaken conclusion from a given state of facts, nor a mistaken belief of a sane mind as to the existence of facts." *Dibble v. Currier,* 142 Ga. 855, 857 (83 SE 949) (1914). Accord, e.g., *English v. Shivers,* 219 Ga. 515 (133 SE2d 867) (1965); *Dyar v. Dyar,* 161 Ga. 615, 628 (131 SE 535) (1925).

In this case, as in *Dibble v. Currier,* supra, the question of whether the beliefs harbored by the testatrix

---

[1]The caveator brings this suit in his capacity as the testatrix' sole heir at law.

were insane delusions springing from a disordered intellect, or merely illogical deductions from actual facts, was a question for the jury. Thus, the jury was authorized in finding that the testatrix suffered from monomania. The jury was also authorized in finding that the will offered for probate was a result of this monomania. See Code § 113-204; *Whitfield v. Pitts,* 205 Ga. 259 (53 SE2d 549) (1949). Accordingly, we hold that the trial court did not err in overruling the propounder's motions for judgment notwithstanding the verdict and for new trial on evidentiary grounds. This disposes of the first two enumerations of error.

2. In the third, and final enumeration of error, the propounder argues that the trial judge erred in failing to charge the jury that the burden of proof on the question of monomania is on the caveator.

In Georgia, the burden, in the first instance, is on the propounder of the alleged will to make out a prima facie case by showing the factum of the will—that is, its due execution—and that at the time of its execution the testator apparently had sufficient mental capacity to make it. Once the propounder establishes a prima facie case, the burden of proof shifts to the caveator. E.g., *Langan v. Cheshire,* 208 Ga. 107 (65 SE2d 415) (1951); *Credille v. Credille,* 123 Ga. 673 (51 SE 628) (1905).

In the present case, the trial judge charged the jury that once the propounder established a prima facie case, then the burden of coming forward with evidence to meet the prima facie case is on the caveator. Instead of so charging the jury, the trial judge should have charged that the burden of proof shifted to the caveator. As to the differences between the burden of coming forward with evidence and the ultimate burden of proof, see Agnor, Ga. Evidence, §§ 17-1 — 17-4 (1976). However, we hold that this error in the charge was not so prejudicial to the propounder as to be reviewable on appeal absent an objection at trial. See Code Ann. § 70-207 (a); *Williams v. Kennedy,* 240 Ga. 163 (240 SE2d 51) (1977) and cits. The propounder failed to object to the charge given at trial or to request a different charge. Therefore, we do not find reversible error.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 17, 1979 — DECIDED OCTOBER 2, 1979.

*William T. Johnson,* for appellant.
*Seay, Sims & Park, Clifford Seay,* for appellee.
William H. Dodgen, *pro se.*

UNDERCOFLER, Presiding Justice, concurring.

This case is to be distinguished from *Irvin v. Askew,* 241 Ga. 565 (246 SE2d 682) (1978). In that case there was no evidence of mental incapacity or monomania. The testatrix became angry when her husband threatened to leave her, which threat he had in fact made. *Hammett v. Reynolds,* 243 Ga. 669 (256 SE2d 354) (1979), is also distinguishable on its facts.