### 37790. RUSSELL v. FULTON NATIONAL BANK OF ATLANTA.

Jordan, Chief Justice.

In proceedings for the probate of a will, the trial court directed a verdict for the propounder on the issues of mistake of fact and undue influence and the jury returned a verdict for the propounder on the issue of lack of testamentary capacity. The caveatrix appeals after denial of her motion for new trial. We affirm.

The caveatrix, Carol Star Russell, is the daughter and only child of the testator, Dr. David Russell, Jr., by his second wife, Mrs. Glynette Russell, from whom the testator was divorced before his death. Caveatrix was disinherited by the will whereas testator's surviving daughter, Anita B. Russell, and his grandson, Dennis David

Jones, by his deceased daughter, Cynthia Russell Jones, by his first wife, Bennie Juanita Russell, were the beneficiaries of his will.

1. The caveatrix first argues the general grounds. The subscribing witnesses testified positively in behalf of the propounder as to the testator's testamentary capacity at the time the will was executed. The caveatrix and her mother testified that the testator had had little if anything to do with the caveatrix since her birth, that he suffered from alcoholism and drug abuse as well as from chronic heart and thyroid problems, and that he suffered mentally because of the death of his daughter, Cynthia Russell Jones. The caveatrix testified to having seen the testator once in December of 1975 or 1976, and her mother testified to having seen him in February and December of 1975. The will was executed in August of 1975. A psychiatrist called as a witness in behalf of the caveatrix gave his opinion that the testator suffered from monomania based upon facts in the record, rather than based upon medical examination of the testator. However, the doctor was not aware that a previous will of the testator contained an identical provision excluding the caveatrix as a beneficiary.

We have held that evidence of a testator's mental condition at times other than the signing of the will does not controvert the positive testimony of the subscribing witnesses unless it would be proof of testamentary incapacity at the time the will was signed. *Yuzamas v. Yuzamas,* 241 Ga. 577, 578 (247 SE2d 73) (1978). The testimony of the subscribing witnesses supports the verdict in this case. *Johnson v. Dodgen,* 244 Ga. 422 (260 SE2d 332) (1979).

Caveatrix's contention that the testator suffered from monomania at the time of the execution of the will in that he either denied the existence of the caveatrix or denied his paternal relationship to her is not supported by the evidence. To the contrary, the will mentions the caveatrix by name three times, and on the same day of its execution the testator in a letter to his daughter, Anita, stated that an insurance policy had been provided for caveatrix. Monomania is a mental disease; an insane delusion such as will deprive one of testamentary capacity. Monomania must be distinguished from an expressed desire to exclude a person from a will because of ill will, bad judgment, animosity, prejudice, or other conditions of mind which can be coexistent with sanity. *Johnson v. Dodgen,* supra; *Hammett v. Reynolds,* 243 Ga. 669, 670 (1) (256 SE2d 354) (1979); *Irvin v. Askew,* 241 Ga. 565 (1) (246 SE2d 682) (1978).

2. In similar vein, the trial court did not err in directing a verdict for the propounder on the issue of mistake of fact. Code Ann. § 113-210. Caveatrix contends the evidence establishes that the testator denied her very existence or at least denied his paternal

relationship to her. Although the evidence establishes that a close father-daughter relationship never existed between the testator and the caveatrix, it also establishes without contradiction his acknowledgment of her existence and his paternity. He mentioned her by name three times in his will and mentioned her in correspondence written on the date of execution of the will. Additionally, he paid her medical and dental bills, paid for her art, music, dancing and other self-improvement lessons, and sent monthly checks to her mother for her support.

3. Evidence that the testator's daughters by his first wife resided with him in later years but that caveatrix did not, and that testator's first wife had threatened testator with bodily harm or death if he did anything for caveatrix, raised no inference of undue influence at the time of execution of the will. The testimony of the subscribing witnesses regarding the testamentary capacity of the testator and his voluntary execution of the will, together with the fact that the person supposedly exercising the undue influence was not present, sufficed to authorize direction of a verdict for the propounder on the issue of undue influence. *Mitchell v. Hillsman,* 241 Ga. 289 (244 SE2d 871) (1978).

4. The trial court did not err in failing to exclude evidence of social security benefits received by the caveatrix after the death of her father because she, herself, testified during direct and redirect examination as to her receipt of those benefits.

5. No error is properly presented regarding the trial court's exclusion of evidence as to the value of the testator's estate because the caveatrix made no tender of proof of what would have been the testimony of the witness as to value of the estate had the objection not been interposed and sustained. *DeLoach v. Sikes,* 166 Ga. 39 (3) (142 SE 150) (1927).

6. Caveatrix contends that a letter from the testator to his daughter, Anita, dated the same day his will was executed, should have been excluded from evidence because a proper foundation for its introduction was not laid. Hearsay, not lack of a proper foundation, is the objection reported in the transcript of proceedings. The hearsay objection properly was overruled by the trial court because the testator's statement made in the letter written at the time of execution of his will was admissible for the purpose of shedding light on his mental condition on the date of the execution of his will. Redfearn, Wills and Administration In Georgia, § 48. The letter was admissible to prove that on the date of execution of his will the testator was aware of the existence of his daughter, Carol Star Russell, the caveatrix.

7. The trial court did not err in excluding on a relevancy

objection photographs of the testator and the caveatrix taken when the caveatrix was about three years of age.

8. The trial court did not err by declining to give caveatrix's requests to charge on mistake of fact and undue influence. Verdicts were directed for the propounder on those two issues, and in Divisions 2 and 3 of this opinion we have affirmed those rulings.

9. The trial court did not err by refusing to charge the "slightest evidence of aberration of intellect" test of testamentary capacity set forth in Code Ann. § 113-106 because the beneficiaries of testator's will were his surviving daughter by his divorced first wife and his grandson by his deceased daughter by his first wife. *Yuzamas v. Yuzamas,* supra; *Credille v. Credille,* 123 Ga. 673 (1) (51 SE 628) (1905).

10. The trial court did not commit error by refusing to grant a mistrial for the reasons set forth by the appellant.

*Judgment affirmed. All the Justices concur, except Weltner, J., not participating.*

Decided November 5, 1981.

*Read, Huddleston & Medori, Eugene A. Medori, Jr.,* for appellant.

*Arnall, Golden & Gregory, William R. Harp, H. Fred Gober,* for appellee.