## 76302. KIRKLAND et al. v. SOUTHERN DISCOUNT COMPANY et al.
(370 SE2d 640)

SOGNIER, Judge.

In a previous appeal of this case, this court reversed the judgment entered on a jury verdict in favor of Bill and Merlene Kirkland. *Southern Discount Co. v. Kirkland*, 181 Ga. App. 263 (351 SE2d 685) (1986). Subsequent to that decision, the Kirklands amended and restated their complaint and sought retrial. The trial court granted the motion of Southern Discount Company and its president to dismiss the complaint, and the Kirklands appeal.

Appellants contend the trial court erred by dismissing their amended complaint because this court's previous opinion did not terminate the litigation, and they were entitled to amend their complaint and to a new trial. The trial court agreed with appellees that the opinion in *Southern Discount*, supra, was a final determination and did not call for further proceedings on any of the issues.

1. It is clear that as to at least two issues, no further proceedings were indicated. First, the opinion in *Southern Discount*, supra, reversed the trial court's denial of Southern Discount's motion for a directed verdict as to that portion of Count IV of the complaint which sought damages for Southern Discount's returning to the Kirklands contracts in default marked "paid." Id. at 265 (1). Second, the opinion reversed the denial of a directed verdict in favor of Southern Discount as to any claim for breach of contract. Id. at 265-266 (2).

In *Summer-Minter v. Giordano*, 231 Ga. 601 (203 SE2d 173) (1974), the Supreme Court dealt with the question of whether, after a reversal of the trial court's denial of defendants' motion for summary judgment, the plaintiffs could amend their complaint by alleging a new theory of recovery. An appeal had been taken from the trial court's denial of the defendants' motion for summary judgment and, in a prior opinion, the Supreme Court had reversed that denial of summary judgment, saying only that the defendants were entitled to a summary judgment and the trial court had erred in refusing to grant their motion therefor. Id. at 602. In *Summer-Minter*, supra, the Supreme Court undertook an extensive analysis of the underlying policy in holding that its prior decision was a decision that summary judgment should be granted, and that no amendment is permissible.

Although *Summer-Minter* was a summary judgment case, we are guided by the rationale in that decision because " '[t]he trial court's

function in ruling on a motion for summary judgment is analogous to the function it performs when ruling on a motion for directed verdict. The essence of both motions is that there is no genuine issue of material fact to be resolved by the trior of the facts, and that the movant is entitled to judgment on the law applicable to the established facts.' " *Summer-Minter*, supra at 604. Just as reversal of the denial of a motion for summary judgment is a decision that summary judgment should be entered, reversal by an appellate court of the trial court's denial of a motion for a directed verdict can mean only that a directed verdict should have been and *should be* entered. This is tantamount to a reversal with direction, and thus no retrial can be held on those issues. Thus, as to the two issues in which the opinion in *Southern Discount*, supra, reversed the trial court's denial of appellees' motion for a directed verdict, we agree with appellees that the litigation was ended thereby. " 'When the remittitur from this court on the case's former appearance here reached the trial court, the only action under our decision and judgment that the court below could take was to make the judgment of this court the judgment of the trial court and to enter an order [granting a directed verdict.] . . . [Cit.]' [Cit.]" *Summer-Minter*, supra at 607.

2. In Divisions 3 and 4 of the prior opinion, however, the reversal did not explicitly reverse denial of the motion for a directed verdict, and it is thus necessary to decide whether appellants were entitled to a new trial as to the issues presented in those divisions. Division 3 of the previous opinion dealt with the fact that the Kirklands alleged, and sought exemplary damages based on, Southern Discount's conversion of several vacuum cleaners. However, the only evidence offered to prove this conversion allegation was evidence relating to two checks, and the trial court charged the jury only on conversion of negotiable instruments. This court held that the issue of conversion of the checks had not been raised by the pleadings or the pretrial order, and could not have been tried by implied consent under the facts presented here. See *Southern Discount*, supra at 266-267 (3). The decision reversed the jury verdict for damages for conversion and exemplary damages based thereon because no evidence had been proffered showing conversion of the vacuum cleaners.

"A verdict shall be directed where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. OCGA § 9-11-50 (a). 'The standard of appellate review of the trial court's denial of a motion for a directed verdict is the "any evidence" standard. [Cit.]' [Cit.]" *Rizer v. Harris*, 182 Ga. App. 31, 32 (2) (354 SE2d 660) (1987). It is clear from the record that Southern Discount properly moved for a directed verdict and enumerated denial of the motion as error. Consequently, the reversal of the verdict for damages

on the conversion claim (including any exemplary damages based thereon) on the ground that there was no evidence proffered which would support it indicates there was no conflict in the evidence as to the fact that no conversion of vacuum cleaners was proved, and a directed verdict should have been granted. Accordingly, the rationale stated in Division 1 of this opinion applies; the decision in *Southern Discount*, supra, terminated the litigation as to damages (both compensatory and exemplary) for conversion as well, and the trial court did not err by dismissing appellants' amended complaint as to that issue.

3. Only the prior holding as to damages for fraud remains to be considered. In Division 4 of *Southern Discount*, supra, this court reversed the jury verdict as to fraud because "[i]t is evident that Counts I, II and IV allege actual fraud in violation of OCGA § 51-6-1, which requires a showing of 'actual fraud or moral fraud,' [cits.]," whereas "[t]he trial court's charge permitted a finding of constructive fraud to support an allegation of actual fraud." Id. at 268. In addition, it was held that it was "impossible for an appellate court to address an enumeration of error as to a particular count when the trial court never charges the jury as to that count, and the jury never reaches a verdict as to that count for the plaintiff or defendant. Inasmuch as the verdict does not reach the issues made by the pleadings, it is not sustainable." Id. at 268-269. Thus, this reversal was based on the ground that the trial court's charge to the jury was improper both in what it did cover and in what it failed to cover. This did not amount to reversal of the trial court's denial of appellees' motion for a directed verdict on this issue, but rather was a reversal based on the trial court's improper charge to the jury. A new trial was therefore demanded. "Where a judgment in favor of one of two parties litigant is reversed by the appellate court without direction, and where only questions of fact, or mixed questions of law and fact are involved, the legal result is a new trial, not the rendition of a judgment without trial and as a matter of course. [Cit.] This is true even though it does not appear from the record whether or not the losing party can adduce further evidence with which to meet the deficiency pointed out in the appellate opinion. [Cit.]" *Smith v. Smith*, 119 Ga. App. 619, 620 (168 SE2d 609) (1969). Appellants are therefore entitled to a new trial as to the issue of fraud.

This is not necessarily to say, however, that appellants were entitled to amend their complaint, even as to the issue of fraud. The record does not reflect that leave of court or the written permission of appellees was obtained by appellants before amending their complaint. The opinion in *Southern Discount*, supra, does reflect, however, that a pretrial order had been entered. Id. at 266-267 (3). "A party may amend his pleading as a matter of course and without

leave of court at any time before the entry of a pretrial order. Thereafter the party may amend his pleading only by leave of court or by written consent of the adverse party." OCGA § 9-11-15 (a). The legal effect of the reversal of a judgment on appeal is to nullify the judgment below and place the parties in the same position in which they were before judgment. *McKay v. McKay*, 93 Ga. App. 42 (3) (90 SE2d 627) (1955). Therefore, appellants were not entitled to amend their complaint without compliance with OCGA § 9-11-15 (a).

Accordingly, that portion of the trial court's order which dismissed those allegations based on fraud appearing in appellants' original complaint is reversed. The remainder of the trial court's order is affirmed.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 27, 1988 —
REHEARING DENIED JUNE 8, 1988 —

*Kenneth M. Henson, Jr.*, for appellants.
*W. Rhett Tanner, Milton Jones, Laureen McGurk*, for appellees.