S96A1338. JOSEPH et al. v. GRISHAM.
(482 SE2d 251)

BENHAM, Chief Justice.

This appeal is from the probate court's grant of summary judgment to Jennifer Grisham, the propounder of her grandmother's will. Grisham's mother, Dolores Joseph, and Grisham's two brothers, all caveators below, contend that the grant of summary judgment was improper because there remain questions of fact regarding the theories on which their caveat was based: undue influence, diminished capacity, monomania, and mistake of fact. Because our review of the record reveals no genuine issue of material fact regarding those theories, we affirm the probate court's judgment.

1. In support of their claim of undue influence, caveators rely on the requirement in OCGA § 53-2-9 (b) that a will which leaves the estate to a stranger and excludes the testator's children must be closely scrutinized and, "upon the slightest evidence . . . of undue influence . . .," should be refused probate. Assuming that the testator's grandchild is a stranger,[1] caveators' arguments falter nonetheless because they are unable to point in the record to the slightest evidence of undue influence. Contrary to the caveators' position, the evidence shows without conflict that the testatrix did not suffer any mental disability at the time she executed her will that would make her susceptible to influence; that she did not discuss the will with the propounder prior to its execution; and that the propounder was not present when the will was prepared and executed. That being so, the propounder was entitled to summary judgment on the issue of undue influence. See *Andrews v. Rentz*, 266 Ga. 782 (3) (470 SE2d 669) (1996).

2. The caveators' argument regarding testamentary capacity is also unavailing. Contrary to their arguments, there is no evidence in the record to contradict the direct testimony of the testatrix's physician regarding the testatrix's good mental health at the time she executed her will. The portions of the physician's deposition relied upon by caveators relate to the testatrix's physical condition over a period of time and do not conflict with the physician's unequivocal testimony that the testatrix's mental health was good at the time she exe-

---

[1] When a testator has a child in life, all other relatives are strangers in the sense of the Code section. *Deans v. Deans*, 166 Ga. 555 (144 SE 116) (1928).

cuted the will. In addition, there was no evidence contradicting the testimony of the attorney who prepared the will at the testatrix's direction and the testimony of the other persons who witnessed the execution of the will that the testatrix was in good mental condition at the time and had adequate testamentary capacity. The trial court did not err in granting summary judgment to the propounder on the caveator's claim of lack of testamentary capacity. *Yancey v. Hall*, 265 Ga. 466 (3) (458 SE2d 121) (1995).

3. In support of their contention that the evidence presents a question of fact on the issue of monomania, the caveators rely on OCGA § 53-2-23: "A monomaniac may make a will if the will is in no way the result of or connected with his monomania. In all such cases it must appear that the will speaks the wishes of the testator, unbiased by the mental disease with which he is affected." The caveators point specifically to the testatrix's concern about her daughter and her daughter's companion (the testatrix trusted neither of them and thought the companion was taking advantage of her daughter) as evidence of monomania affecting the will. In support of their contention that the testatrix's concern amounted to obsession, the caveators rely on evidence that the testatrix wrote many letters to her daughter, most of which were unanswered, seeking information about her welfare and asking her to come home. However, the evidence shows that once her daughter answered her concerns, the testatrix stopped asking her to come home.

This Court had occasion recently to discuss the subject of monomania in *Boney v. Boney*, 265 Ga. 839 (462 SE2d 725) (1995). In that case, a caveat asserting monomania and based in part on a family dispute failed for want of evidence of the hallucinations or delusions which are essential to a claim of monomania. Id. The present case is like *Boney* in that there was evidence of family misunderstandings, but there was no evidence of mental illness. The propounder in this case was entitled to summary judgment on this issue just as the propounder in *Boney* was entitled to a directed verdict.

4. Finally, the caveators assert that there remain questions of material fact concerning two mistakes of fact which invalidate the testatrix's testamentary plan. First, they contend that the testatrix suffered under a mistake of fact with regard to her daughter and her daughter's companion. Those alleged mistakes included the testatrix's concerns that her daughter's companion was a criminal, that her daughter was susceptible to being influenced and that her companion was a bad influence, and that her daughter lacked sufficient judgment to use money appropriately. Even assuming the testatrix's concerns were not well-founded, they do not constitute the sort of mistake of fact on the basis of which a will can be invalidated under OCGA § 53-2-8. In order for the testatrix's beliefs to constitute a

"mistake of fact" within the meaning of that statute, there must have been a mistake arising from her mere ignorance.

> OCGA § 53-2-8 has no application to a mistake resulting " 'from an error of judgment after investigation or from negligent or wilful failure to make a proper investigation by means of which the truth could be readily and surely ascertained. . . .' [Cit.]" The evidence is undisputed that [the testatrix's] belief[s] did not arise from [her] mere ignorance.

*Yancey v. Hall,* supra, Division 4. Here, as in *Yancey,* the testatrix was in a position to make as thorough an investigation of the facts as she cared to do. While she may have believed differently had she chosen to investigate more thoroughly, she did not choose to do so, and the fact that her beliefs may have been wrong does not invalidate her testamentary scheme. Id.

The second alleged mistake of fact, concerning the propounder's conduct toward the testatrix, requires no consideration of the principles stated in *Yancey* because there is no evidence in the record to support the caveators' suppositions. Although the caveators argue that the propounder may not have been as trustworthy as the testatrix thought she was, the record contains no evidence to support that theory. The trial court did not err in granting summary judgment to the propounder on the issue of mistake of fact.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 3, 1997 —
RECONSIDERATION DENIED APRIL 3, 1997.

*Adam R. Gaslowitz, Michael S. Wakefield,* for appellants.
*John W. Spears, Jr.,* for appellee.