S03A1659. NODVIN et al. v. AROGETI.
(592 SE2d 846)

SEARS, Presiding Justice.

The appellants, Stephen and Neal Nodvin, filed a caveat to the probate of their father's will on the ground that the will was the product of their father's monomania. The probate court, however, granted summary judgment to the appellee, James Arogeti, the executor of the will. The appellants now appeal, contending that there were issues of fact regarding monomania that should have been submitted to a jury and that the probate court erred in ruling that a recording of their father's voice was inadmissible. For the following reasons, we find no merit to these contentions, and affirm the probate court's judgment.

1. "Monomania is a mental disease which leaves the sufferer sane generally but insane on a particular subject or class of subjects."[1] For a will to be set aside based on monomania, the caveator must show that the testator suffered from monomania at the time he made his will, and that his will resulted from or was connected with the monomania.[2] In *Boney*, we outlined the elements necessary to

---

[1] *Boney v. Boney*, 265 Ga. 839 (462 SE2d 725) (1995).
[2] *Ashford v. Van Horne*, 276 Ga. 636, 638 (580 SE2d 201) (2003).

show that someone is suffering from monomania.

> "The person so affected is subject to hallucinations and delusions, and is impressed with the reality of events which have never occurred and things which do not exist, and his actions are more or less in conformity with his belief in these particulars . . . [.] It is not every delusion which will deprive one of testamentary capacity. It must be an insane delusion. A definition of such a delusion which has been approved by this court is that it exists wherever a person conceives something extravagant to exist which has no existence whatever, and he is incapable of being permanently reasoned out of that conception. [Cit.] The subject-matter of the insane delusion must have no foundation in fact, and must spring from a diseased condition of mind. . . ."[3]

The appellants contend that the testator suffered from an insane delusion that they were out to harm him and were "out . . . to get his money." Having reviewed the record, we conclude that at least some facts existed to support the testator's conclusions regarding the motives of the appellants. Thus, it cannot be said that the testator suffered from an "insane delusion" such as that term is defined for purposes of proving monomania,[4] and, accordingly, the trial court did not err in granting summary judgment to the appellee.

2. The appellants next contend that the trial court erred in ruling that a tape recording of the testator's voice, which the testator allegedly prepared by himself in 1992 and mailed to Stephen Nodvin, was inadmissible. However, because Stephen was not present when the original recording was made, because Stephen received the recording on an audio tape, because he transferred it to CD-ROM format, because he did not testify as to his method of doing so, and because we cannot conclude that the trial court erred in finding that it was "impossible to tell if words were added, deleted, or otherwise substantially changed from what was originally said," we cannot conclude that the trial court abused its discretion in ruling that the recording was inadmissible.[5] Moreover, even if the trial court erred in excluding the recording, it would not alter the conclusion[6] that there was at least some factual basis for the testator's conclusions regard-

---

[3] *Boney*, 265 Ga. at 839-840, quoting *English v. Shivers*, 219 Ga. 515, 518-519 (133 SE2d 867) (1963).

[4] See *Boney*, 265 Ga. at 841-842.

[5] See generally *Hudson v. State*, 273 Ga. 124, 126-127 (538 SE2d 751) (2000); OCGA § 24-4-48.

[6] See Division 1 of this opinion.

ing his sons and thus would not require reversal of the trial court's judgment.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 2004.

*Levenson & Associates, Louis Levenson, Ted Marcus*, for appellants.

*Kitchens, Kelley & Gaynes, Mark A. Kelley, Stephen V. Kern*, for appellee.