DUPON *et al. vs.* McLAREN, administrator.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. The bill of excceptions may be amended so as to conform to the record, where there is a misnomer in said bill of exceptions of the christian names of the parties.
2. To recover in ejectment on a demise in the name of persons claiming to be heirs at law of the grantee, it must appear either that such persons are the only heirs at law, so as to recover all the land, or how many heirs at law there are, so that those suing may designate and recover their part or share of the land sued for.

Practice in the Supreme Court. Ejectment. Title. Non-suit. Before Judge CRISP. Dougherty Superior Court. April Term, 1879.

Dupon *et al.* brought ejectment against McLaren, administrator. Of the evidence it is only necessary to state that plaintiffs claimed as heirs at law of one Lamar, but it did not appear whether they were the only heirs, or if not, how many there were. The court granted a non-suit, and plaintiffs excepted.

For the other facts, see the opinion.

D. A. VASON; C. B. WOOTEN, for plaintiffs in error.

R. F. LYON; WARREN & HOBBS, for defendant.

JACKSON, Justice.

1. A motion was made to dismiss the bill of exceptions because there was a variance between the bill of exceptions and the transcript of the record in the christian or given names of the plaintiffs in error. It seems that in the bill of exceptions they are called James Dupon and Francis Dupon, and in the transcript of record, Stephen F. Dupon and John A. P. Dupon. We think that the defect is amendable. The bill of exceptions may be amended so as

to conform to the record, Code, §4288 ; and misnomers are amendable without delay.   Code, §3483.

2. It is not shown in the record that plaintiffs are the *only* heirs of the grantee.   Hence, they cannot recover all the land sued for under the ruling in *Sanford vs. Sanford,* 58 *Ga.*, 259.   Nor does it appear how many heirs there are, so that the court and jury can ascertain their share and give them a recovery therefor, to which, under the same ruling, they would be entitled if the proof showed what their share was.   It was impossible to render a verdict for the plaintiffs, under the evidence submitted by them, for any part of the land sued for ; therefore the non-suit was properly awarded.

Judgment affirmed.