22342. SMITH et al. v. OLIVER.

SUBMITTED JANUARY 14, 1964—DECIDED MARCH 5, 1964.

*C. C. Crockett, Paul J. Jones,* for plaintiffs in error.

*E. L. Stephens, Jr.,* contra.

QUILLIAN, Justice. ■ The petition bases the plaintiff's right to the relief prayed upon two theories: first, that the plaintiff acquired such interest in the house and lot formerly owned by Mrs. Jennie Oliver by reason of having submitted the highest bid at a public sale when the property was sold under a security deed originally made by Mrs. Oliver to the Morris State Bank and transferred to Charles M. Smith, as entitled the plaintiff to remain in possession of the house and lot and to obtain an injunction to restrain interference with his possession; secondly, that he was entitled, as an heir at law of Jennie and J. B. Oliver, deceased, together with other heirs at law of the decedents, to have the deed made by Charles M. Smith, as attorney in fact of Mrs. Oliver, to Hazel Oliver Smith set aside.

■ The petition relates Mrs. Jennie Oliver predeceased her husband, J. B. Oliver, Sr., to whom by a valid will she bequeathed and devised her entire estate in fee simple. Hence, the plaintiff was not her heir at law, and inherited no interest in the property involved in the case from her.

■ The petition affirmatively disclosed the plaintiff was not the sole heir of J. B. Oliver, Sr., and hence he did not as his heir at law have the right to bring the suit to set the deed made by

Charles M. Smith, as attorney in fact of Mrs. Oliver, to Hazel Oliver Smith aside, or for other relief. *Dupon v. McLaren,* 63 Ga. 470, 471 (2). See also *Sowell v. Sowell,* 212 Ga. 351 (92 SE2d 524). In *Kenner v. Kenner,* 214 Ga. 381, 383 (3) (104 SE2d 896), this court held: "'Where . . . the trial court sustains a general demurrer to the petition for any reason, and it appears that there is the want of an essential party, such as the grantor or the grantee of a deed sought to be canceled, this court will not do a vain thing and reverse the judgment, on the theory that the failure to name an indispensable party can be reached only by special demurrer, since in such a case no valid judgment granting the relief of cancellation could possibly be rendered.' *Sowell v. Sowell,* 212 Ga. 351, 356 (92 SE2d 524). Likewise, since all the heirs of a grantor must be parties to a petition to cancel his deed, where, as here, a general demurrer to a petition for cancellation, brought by only one of the heirs and the widow of the deceased grantor, is overruled, such judgment will not be affirmed on the theory that failure to join an indispensable party can be reached only by special demurrer, since in such a case no valid judgment granting the relief of cancellation could possibly be rendered."

■ The plaintiff acquired no interest or right in the premises in dispute by reason of having submitted the highest bid for the same when it was sold under the power of sale contained in the deed to secure debt because, according to the petition, he did not pay or tender the amount of his bid to the person conducting the sale.

There is an averment of the petition that the plaintiff Moody Oliver was the highest and best bidder at the sale, at the time the property was auctioned the plaintiff bid the sum of $4,650 and "the defendant C. C. Crockett did announce that said property had been sold to Moody Oliver, and that immediately Moody Oliver did advise the said C. C. Crockett to prepare the deed and that he would pay the amount of his bid upon execution of a deed."

This offer was clearly insufficient as an allegation of tender. It is held in *Martin & Smith v. Thompson,* 141 Ga. 31 (2) (80 SE 318): "An offer to pay the purchase-price on delivery of a

properly executed deed is not an unconditional tender. *Terry v. Keim,* 122 Ga. 43 (49 SE 736). See also *DeGraffenreid v. Menard,* 103 Ga. 651 (30 SE 560); *Elder v. Johnson,* 115 Ga. 691 (42 SE 51); *Grace v. Means,* 129 Ga. 638 (59 SE 811)."

The averment of the petition that the plaintiff later on the same day (the day of the sale) informed the party conducting the sale that he had money and tendered money in payment for the deed was insufficient to allege a valid tender. The holder of the security deed was entitled to payment in the amount of the plaintiff's bid, *Smith v. Pilcher,* 130 Ga. 350, 355 (60 SE 1000), *Pope v. Thompson,* 157 Ga. 891 (122 SE 604), *Lively v. Munday,* 201 Ga. 409, 418 (40 SE2d 62, 173 ALR 1295), and the alleged tender of money in no definite amount was not a tender of the amount of such bid.

In short, the attempted allegation of tender was too vague and indefinite to show the facts necessary to constitute a valid tender of any particular amount. It is held in *McKown v. Heery,* 200 Ga. 819, 821 (38 SE2d 425): "Even had the plaintiff alleged that he made 'a tender,' or 'an unconditional tender,' of the purchase-money, these allegations standing alone would not suffice, as against a demurrer, for it is incumbent upon the pleader to allege facts constituting a legal tender."

Since the petition set forth no right of the plaintiff to bring the suit, the trial judge erred in overruling the general demurrer.

*Judgment reversed. All the Justices concur.*