### 27980. POWELL v. THIGPEN.

NICHOLS, Justice. This appeal arises from a judgment directing a verdict for the propounders of a will. The testator, a bachelor, executed the will in 1966 when he was 77 years old. He left all his property to one sister, thereby excluding his only other sister, the caveatrix. The caveat was based on these grounds, undue influence, lack of mental capacity and monomania. On the trial, the propounders proved a prima facie case and the burden of going forward with the evidence shifted to the caveatrix. Each enumeration of error raises the same basic issue, to wit: Did the evidence present a question of fact for determination by the jury? *Held:*

1. Evidence showing only opportunity, without more, to exert undue influence is insufficient to invalidate a will. See *Perkins v. Edwards,* 228 Ga. 470, 475 (186 SE2d 109), and citations. The evidence adduced did not show more than mere opportunity on the part of the propounder to exert undue influence.

2. While the evidence, construed most strongly against the propounder, showed the testator to have numerous eccentricities, yet none of such eccentricities would be sufficient to show a lack of mental capacity to make a will unless monomania was

established, and such will was " . . . the result of or connected with his monomania." Code § 113-204.

3. "Monomania is insanity only upon a particular subject and with a single delusion of the mind, but it may so limit the testamentary capacity as to prevent the testator from bringing into mental review matters essential to the validity of a will . . ." *Yarbrough v. Yarbrough,* 202 Ga. 391 (5) (43 SE2d 329). See also *Moreland v. Word,* 209 Ga. 463 (3) (74 SE2d 82).

4. The statement in 175 ALR 882, 964 under an annotation which deals with testamentary capacity—delusions, to wit: "Even if there is evidence of an insane delusion of such a nature as to affect the will, if there is also evidence of some other and rational motive for the disposition made, the burden is upon the contestant to rebut or overcome the legal presumption of validity, by showing that the delusion, exclusive of rational motive, was the controlling cause," is contrary to statutory law of Georgia, which provides that a will made by a monomaniac is valid if ". . . the will is in no way the result of or connected with his monomania." Code § 113-204, supra.

5. While the evidence as to the testator's extreme dislike for the caveatrix may have been explained to the complete satisfaction of the jury and a finding that no monomania existed authorized by the evidence, yet the evidence adduced by the caveatrix of the testator believing that she had "cast a spell on him" and "was in a position to take his land" was sufficient to present a question for the jury as to the question of whether monomania existed and whether the will was the result of or connected with such monomania. Accordingly, the trial court erred in directing a verdict for the propounder on such issue.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 11, 1973 — DECIDED JULY 2, 1973.

*Paul J. Jones, Jr., E. Herman Warnock,* for appellant.
*J. Carlton Warnock, Smith & Harrington, Will Ed Smith,* for appellee.