## 30534. COBB et al. v. THOMPSON.

NICHOLS, Chief Justice.

This is an appeal by the caveators from a directed verdict for the propounder of the will of Lola G. Butts, who died in 1974. The caveat to the will alleged that their sister was suffering from monomania, in that she believed her family did not love her and was attempting to steal her property from her.

On the trial of the case in the superior court, two of the three sisters testified that they had not seen the testatrix in several years. The third sister testified that she had visited the testatrix about every three to four months and that in 1970 the testatrix had accused her of having taken things from a motel which she owned and operated. In her later years the testatrix lived alone in a sparsely populated area and had developed a great fear of being robbed. This fear could have resulted because she had been the victim of an armed robbery in 1968. She put double locks on the doors. She also put chains with padlocks on some doors and nailed others shut. She complained of hearing noises in the attic on one or two occasions.

"While the evidence, construed most strongly against the propounder, showed the testator to have numerous eccentricities, yet none of such eccentricities would be sufficient to show a lack of mental capacity to make a will unless monomania was established . . ." *Powell v. Thigpen,* 230 Ga. 760 (2) (199 SE2d 251) (1973). In *Brumbelow v. Hopkins,* 197 Ga. 247 (1) (29 SE2d 42) (1944), this court held: "The mere dislike of certain persons, or ill feelings towards them, causing their exclusion from a will, does not involve monomania. Monomania exists whenever a person conceives something to exist which has no existence whatever, and

is incapable of being permanently reasoned out of that conception."

The evidence in this case failed to establish any lack of testamentary capacity on the part of the testatrix or that her exaggerated fear of being robbed had any connection with her feelings toward her family or influenced the disposition of her estate in the will. The trial court did not err in directing a verdict for the propounder.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 12, 1976 — DECIDED FEBRUARY 11, 1976.

*J. Sewell Elliott, Jr.,* for appellants.
*E. Earl Seals,* for appellee.