## 33726. IRVIN v. ASKEW.

UNDERCOFLER, Presiding Justice.

George Irvin filed a caveat to the probate of his deceased wife's will on the grounds of undue influence and mental incapacity. The trial court directed a verdict in favor of the propounder and Irvin appeals. We affirm. We do not find sufficient evidence to create a jury issue on either ground.

When Ellie and George Irvin were married in 1948, she was 62 years of age and a widow and he was 37. They pooled their resources, and over the years acquired a sizable estate, which, in March, 1976, they divided between them at her insistence. Her estate is estimated at $240,000. Irvin is her only heir, although she and her first husband had raised as a son Bill Kimbrough, who has three children. The testatrix had executed a 1962 will leaving her entire estate to Irvin. After her death in 1976, Irvin was surprised to learn that she, without his knowledge and despite statements to him to the contrary, had executed a new will in October, 1975, leaving most of her estate to the Kimbrough children. Irvin received a life estate in the house and the residue of the estate estimated at less than $68,000. He therefore filed this caveat.

1. At trial, there was no evidence of undue influence. Evelyn Edmundson, a third cousin of the Kimbroughs, brought the testatrix to the lawyer's office to execute the will, but was not present and had no knowledge of the contents of the will. The fact that she received an antique table under the will is not sufficient in itself to create an issue of undue influence. *Powell v. Thigpen,* 230 Ga. 760 (199 SE2d 251) (1973).

The main thrust of Irvin's mental incapacity challenge involves the alleged monomania of the testatrix. He claims she often accused him of stealing her things and giving them to other women. She locked her possessions in a cabinet and slept on the key; she spoke often of money and worried about others stealing her antiques. At age 90 when the testatrix died and 89 when she executed the will, she was unable to see or walk well, was feeble and becoming senile in that she would forget things and lose track of conversations. She was angry

with her husband because he had threatened to leave her when she was accusing him of stealing her things. He claims she even glued the lamps, vases and nicnacs to the tables, although he did not see her do this.

"Monomania means a mental disease, not merely the unreasonable conduct of a sane person. Monomania is partial insanity;. . .The monomaniac is subject to hallucinations and insane delusions as to one or a few subjects and yet is perfectly rational as to others; . . . *Monomania is a diseased condition of the mind and is distinguished from ill will, bad judgment, animosity, prejudice, erroneous conclusions from facts, illogical views, and other conditions of mind which can be co-existent with sanity . . ."* I Redfearn, Wills and Administration in Georgia § 42 (3d Ed. 1965). (Emphasis supplied.)

Construing this evidence most favorably to the caveator, Irvin, we find no evidence of insanity and thus no monomania as a matter of law. *Cobb v. Thompson,* 236 Ga. 261 (223 SE2d 658) (1976); *Thornton v. Hulme,* 218 Ga. 480 (128 SE2d 744) (1962). Neither age and physical impairments, nor declarations made subsequent to the execution of the will and contrary to its terms are sufficient alone to raise issues of mental incapacity. *White v. Irwin,* 220 Ga. 836 (142 SE2d 255) (1965). *Mallis v. Miltiades,* 241 Ga. 404 (1978), is distinguishable on the evidence presented in that case. We find no error in the directed verdict.

2. We do not reach the matter raised in Irvin's brief concerning the questioning of a witness since the issue was not enumerated as error.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 20, 1978 — DECIDED JULY 6, 1978.

*Elliott & Turner, Tyrone Elliott,* for appellant.
*Forrest Champion, Jr.,* for appellee.