## 36707. CHAMPS-ELYSSES, INC. v. FULTON FEDERAL SAVINGS & LOAN ASSOCIATION et al.
## 36725. NYLEN et al. v. FULTON FEDERAL SAVINGS & LOAN ASSOCIATION et al.

CLARKE, Justice.

In 1959, the land which is the subject matter of these appeals was owned by Mitchell Melof (a/k/a Don Mitchell). In that year, he obtained a loan from Fulton Federal Savings and Loan Association in the amount of $28,000. This loan was evidenced by a promissory note and secured by a security deed on the subject real estate, both of which documents were executed by Melof. In 1963, Melof conveyed the land to his wife, Louise, and she then conveyed the rear portion of the land to a third party in 1972. Six months later, she executed a security deed to Stanley Nylen which secured a promissory note in the principal amount of $20,000. In the security deed, Mrs. Melof described the land conveyed as being all of Lot 3 of Section 2 in a particular subdivision. This description was given in spite of the fact that Mrs. Melof had previously conveyed away the rear portion of the lot. In 1974, Mrs. Melof procured a loan from Fulton Federal and

secured it by a security deed conveying all of the property conveyed to her by her husband without any subtraction for the rear portion previously conveyed away. The next conveyance of record is another security deed to Fulton Federal which secured a note executed by Mrs. Melof and endorsed by Mr. Melof and which note represented a consolidation of all of the debts owed by the Melofs to Fulton Federal. Simultaneously with the execution of the note and security deed to Fulton Federal, Mrs. Melof gave an affidavit affirming that she owned the land described in the security deed and that there were no prior security interests or liens on the real estate.

In May of 1977, Nylen put in motion steps leading to the exercise of his power of sale under the terms of the security deed executed and delivered to him. He caused the notice of sale to be published in the Fulton County Daily Report during the four weeks preceding the sale day in June, 1977, but the description of the land as it appeared in the notice made reference to the entire lot with no exception of the land conveyed away prior to Nylen's receiving the security deed. In addition to this, the notice included a courses and distances description which was defective in that it did not include all of the calls so that the lines to the lot would close. Following the publication of the notice, the sale under power was conducted and Nylen, as attorney in fact for Mrs. Melof, executed a deed under power to Champs-Elysses, Inc. The description contained in the deed to Champs-Elysses, Inc., was identical to the description appearing in the notice of sale.

Fulton Federal contends that Champs-Elysses was not a bona fide purchaser for value and notes several facts in support of this position. Among these is the fact that one of the parties involved in the corporation is Easton Melof, who is a brother of Mitchell Melof, an endorser on the note to Fulton Federal. Prior to the sale, discussions took place between Easton Melof and Nylen which resulted in the suggestion from Nylen that Easton Melof bid $35,000 at the sale. This bid was in fact made by Easton Melof on behalf of Champs-Elysses but only the sum of $4,400 was ever paid to Nylen, and in his deposition Nylen stated that he recalled no note being given for the balance. Fulton Federal has now paid $4,400 into the registry of Fulton Superior Court allegedly as a tender in the event the deed under power of sale is cancelled.

The trial court in the instant case granted a summary judgment to Fulton Federal, cancelling the deed under power of sale and the sale itself, and subordinating Nylen's security deed to the Fulton Federal security deed. The summary judgment also granted a money judgment against Mitchell Melof and Mrs. Melof. Champs-Elysses is appealing the portion of the order cancelling the deed under power

and although Nylen appeals, he has not enumerated as error that portion of the summary judgment subordinating his security deed to that of Fulton Federal.

1. Since Nylen has not assigned error to the portion of the summary judgment which subordinates his security deed to that of Fulton Federal, this issue is not presented for consideration here. *Irvin v. Askew,* 241 Ga. 565 (246 SE2d 682) (1978); *Davis v. Davis,* 238 Ga. 143 (231 SE2d 753) (1977). However, even if his sole enumeration of error could be interpreted to include that portion of the summary judgment which subordinates his deed to that of Fulton Federal, such assignment of error is without support by citation of authority or argument, and is, in fact, never mentioned in the brief. Therefore, even if this issue were enumerated as error, it would be deemed abandoned. Code Ann. § 24-4545. The judgment of the trial court in regard to the subordination of the deed is final.

2. The basic issue to be determined in this case is whether the sale under power was conducted in a valid manner and could result in the execution and delivery of a valid and binding deed to the highest bidder. In order to make this determination, it is necessary to look not only to the conduct of the sale itself but also to the acts which were committed prior to the sale and subsequent to the sale. The evidence shows that the amount of the bid made by Champs-Elysses was determined by suggestions made to the agent of Champs-Elysses by Nylen. Having followed this suggestion and having bid the amount of $35,000, Champs-Elysses through its agent, Easton Melof, accepted the deed to the real estate but then paid only $4,400 as consideration for it. It has been held that a high bidder in a sale under power cannot require the delivery of a deed to him without paying the amount that he bid. In so holding, this court said: "The plaintiff acquired no interest or right in the premises in dispute by reason of having submitted the highest bid for the same when it was sold under the power of sale contained in the deed to secure debt because, according to the petition, he did not pay or tender the amount of his bid to the person conducting the sale." *Smith v. Oliver,* 219 Ga. 720, 724 (135 SE2d 862) (1964). The principle announced in *Smith v. Oliver,* supra, is applicable in this case and needs only the slightest extension in order to require a finding that the presale agreement coupled with the failure to pay the purchase price provides grounds for the cancellation of the deed.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 11, 1981.

*Claude E. Hambrick,* for appellant (case no. 36707).
*Stanley H. Nylen,* for appellants (case no. 36725).
*Hansell, Post, Brandon & Dorsey, Lowell H. Hughen, Carol V. Clark, Stanley H. Nylen, Abraham Sharony,* for appellees.