## 61772. JACKSON et al. v. DEPARTMENT OF TRANSPORTATION.

BIRDSONG, Judge.

Condemnation. The appellants (Jackson, the Hosford brothers, and Reeves) in 1972 apparently entered into a joint venture with another (Dorough—since deceased) to purchase certain acreage at the southeast corner of the intersection of Clairmont Road and I-85 in DeKalb County. At various times during the intervening years between 1972 and the 1978 condemnation by the Department of Transportation, the appellants entertained plans to sell the property to others as a restaurant site, to lease it as a restaurant site for an extended term of years, or to build their own office building on the

site, intending to occupy two floors and rent out two floors. Evidence as to the sales price of the unimproved land, the cost of the building and the value of rental lease were all admitted. The only one accessible entry into the property was from Clairmont Road. The bulk of the property was a large, solid outcropping of rock rising to a promontory above I-85, giving an extensive view in all directions. There was considerable sediment on top of the rock with tree growth. At various times discussions were held with the county and DOT to obtain curb cuts from Clairmont Road preparatory to the conversion to a restaurant site or construction of the proposed building. Also there were at one time preliminary discussions with DOT with a view toward an equal exchange of property from land contiguous to the I-85 ramp onto Clairmont Road (owned by DOT) for property along Clairmont Road (part of that owned by appellants). The owners (appellants) were given opportunity to offer evidence as to the failure of the negotiations to exchange property, the failure to obtain curb cuts, the price paid for the property in 1972, expert testimony as to the fair market value, the unique value to the owners, the potential use of the property as a restaurant site and as an office building site, and general evidence as to the highest and best use of the property. At the time of the taking by DOT, the property remained totally unimproved. The appellants did not protest the procedure or formalities followed in the taking. At condemnation DOT paid into the registry of the court the sum of $40,950 as the fair market value of the property. The taking included the right of way along Clairmont Road and completely landlocked the remainder of the property. Appellants objected only to the valuation placed upon the property ($40,950 for .04 acre) and demanded a jury trial as to the single issue of valuation. The trial court admitted the above described and expert testimony as to the fair market value (including consequential damages) but disallowed all evidence pertaining to the negotiations with the DOT as to the exchange, the particulars of the negotiations for the sale or the rental of the property, and the preparation costs for placing an office building thereon. The trial court reasoned that much of the offered evidence was based upon hearsay but more importantly that negotiations for improvement of the property were immaterial inasmuch as the property at the time of the taking was still unimproved and unfruitful efforts (and the preparatory costs involved therein) to improve the property were irrelevant to establish a fair value for the still unimproved property. The jury returned a verdict for $56,000. The trial court added $15,050 to the sum already paid into court by DOT and added $916.15 interest. The owners bring this appeal enumerating 32 errors. *Held:*

    1. Courts of review have the right to expect assistance from

counsel in the resolution of the questions presented on appeal. See *Redwing Carriers v. Knight,* 143 Ga. App. 668, 676 (11) (239 SE2d 686). That assistance tends to become somewhat ephemeral, however, where the enumerations consist of a combing of the record for the purpose of enunciating every objection overruled or every motion denied or tactical manoeuvre thwarted regardless of the merits of the action of the trial court. We do not suggest that counsel in this case has presented to us frivolous, non-meritorious enumerations but we are confronted with 32 separate but sometimes redundant enumerations, many of which we believe could have been consolidated. Inasmuch as we have that belief, we will in fact consolidate those enumerations which logically can be treated together.

2. In enumeration of error 3 appellants argue that the taking of their property constituted a taking under color of right by the state and thus deprived them of rights, privileges, or immunities secured by the Constitution (i. e., a deprivation of their civil rights), all in violation of 42 USC § 1983. As prevailing party, appellants urge that they are entitled to recover attorney fees and costs of litigation as provided by 42 USC § 1988. We are impressed more with the ingenuity of the argument than its merits. We perceive the taking in this case to be no more than an ordinary legal action by the DOT to condemn private property in accordance with the condemnation statutes of this state. We have difficulty converting this procedure into a civil rights' violation. Appellants raised no legal objection to the propriety of that taking, contesting only the value of the property taken and consequential damages. It is the clearly announced law of this state that attorney fees (as well as expenses involved in defense of the litigation) are not recoverable, i. e., that such costs are not a part of the condemnation process. *DeKalb County v. Trustees, Decatur Lodge No. 1602, B. P. O. E.,* 242 Ga. 707, 709 (251 SE2d 243). See *Jacksonville Paper Co. v. Owen,* 193 Ga. 23 (17 SE2d 76). For the same reason, it was not error for the trial court to exclude as irrelevant evidence that the project in question is federally funded or that the state should follow the rules for acquiring property of a federally funded project (enumeration of error 10). As noted above, appellants did not file appropriate objections to the administrative procedures followed by the state in the condemnation of their property. These enumerations are without merit. (Also see Division 3.)

3. In Enumerations 4, 9, 11, 12, 14, 18, 19, 21, and 22, appellants contend that the trial court erred by excluding evidence tending to show costs they had incurred after buying the property in 1972 such as architectural fees in contemplation of constructing their own building; changes in zoning and appeals thereto; frustration in their

attempts to obtain curb cuts; offers to rent and/or sell the property together with financial statements of prospective purchasers or tenants; a letter from DOT asking appellants to delay the construction of the building because of eminent blasting operations by DOT in widening I-85 on the same rock upon which the building would be built; and evidence of the purported recapitulation of prospective costs for the building.

Alleged misleading conduct by a state agency is not a proper element of damages in a condemnation suit. Negotiations or other incidental details involved in the unsuccessful sale, rent or improvement of the property are wholly irrelevant where the state condemned and took possession of a small portion of wholly unimproved property. In this case real estate appraisers for DOT evaluated the property, assessed its value and DOT condemned the property based upon their valuation. Only after all findings of fact had been established, judgment of condemnation entered by the court, and payment made into the court by DOT based thereon, did appellants complain and then only as to the value placed on the property. ". . .[A]ll legal issues relating to the condemnation may be raised and determined [prior to condemnation]. If no exceptions are taken to the . . .findings or no regular appeal taken from the judgment based on [those findings], the only issue remaining is that of value." *Allen v. Hall County,* 156 Ga. App. 629, 631 (275 SE2d 713). We find no merit in any of these enumerations.

4. In Enumerations 5, 6, 7, and 8 appellants argue that the trial court erred in allowing expert testimony by two state-called appraisers, basing the objections upon the witnesses' asserted lack of qualifications and their testimony as to comparable sales when the sales were not comparable. We disagree with the application of these legal principles to the facts of this case. Each appraiser testified as to much education and experience in the field of appraising property. Thereafter, each testified as to many comparable sales, some of which admittedly were not as relevant as others. All the appraisers, both those called by the appellants and the appellee relied principally on the same key comparable sales.

Whether a witness has such learning and experience in a given profession to entitle him to present expert testimony is a matter addressed prima facie to the sound discretion of the trial court. *Carroll v. Hayes,* 98 Ga. App. 450, 452 (105 SE2d 755). Likewise, comparability is a matter for determination by the trial court and admission of testimony relating to comparability of sales lies within the court's decision. We find no abuse of discretion by the trial court in allowing either witness to testify as an expert and as to various comparable sales. *State Hwy. Dept. v. Calhoun,* 114 Ga. App. 501 (151

SE2d 806). We find no merit in these enumerations.

5. In Enumerations 15, 16, and 17, appellants argue that the trial court erred in refusing to allow testimony as to the contract entered into between the appellants (owners) and the restaurant developer and similar evidence involving other development prospects for the property. Although details of such efforts toward improving the property are irrelevant to the question of the value of unimproved property which is condemned in part, nevertheless the jury was made fully aware of the projected uses of the property, the costs of the proposed developments, the frustrated efforts to swap property or to obtain curb cuts; and in fact the jury was aware of the substance of all the problems of which appellants make complaint. Appellants enjoyed the benefits of all necessary, appropriate and relevant evidence pertaining to costs, purposes, and plans for acquisition and use of the property. Even if the evidence were competent, its exclusion was not harmful, because where counsel is able to adduce substantially the same evidence in other forms, the failure to obtain admission of the evidence in the form he desires is neither error nor discernibly harmful. See *Brown v. City of Atlanta,* 66 Ga. 71; *Holmes v. State,* 148 Ga. App. 817 (253 SE2d 237). There is no merit in these enumerations.

6. Enumerations 23, 24, 25, 26, 27, 28, 29, 30, 31 and 32 all deal with the charge of the court. Appellants in essence argue that the trial court erred in failing to charge in the language requested on issues that were highly relevant. Our examination of the requested charges reflects that all the requested charges were generally adjusted to the facts of the case and state accepted principles of law. Nevertheless, issues in the trial were fully met and appropriate guidelines given to the jury. As was said in a very early case decided by this court: "The charge was full to overflowing. Both parties got all they were entitled to, and divided the overflow equally. If there were errors in the charge, they were [inconsequential]. The [appellant] lost, not because of the charge, but because he failed to impress the jury with the justness of his cause." *Allen & Co. v. Boyd & McDavid,* 1 Ga. App. 348 (2) (57 SE 939). See *Atlanta &c. R. Co. v. Armstrong,* 138 Ga. App. 577, 581 (227 SE2d 71). We conclude that the failure to charge in the exact language requested, where the charge given substantially covered the same as the requested principles did not result in error. *Jones v. Tyre,* 137 Ga. App. 572 (224 SE2d 512). These several enumerations pertaining to the requested charges are without merit.

7. In Enumerations 1 and 2, appellants complain of the entry of the verdict and the denial of their motion for new trial, stating as grounds the other 30 enumerations. For the reasons already stated,

we find these enumerations to be without merit.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED JULY 1, 1981 —

*George P. Dillard,* for appellants.

*Arthur K. Bolton, Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Don A. Langham, First Assistant Attorney General, Marion O. Gordon, Senior Assistant Attorney General, M. T. Simmons, Special Assistant Attorney General, Richard L. Chambers, Special Assistant Attorney General,* for appellee.