63383, 63385. DAVIS v. B. E. & K., INC. (two cases).
63384, 63388. DAVIS v. FLO-CONTROL, INC. (two cases).
63386. HINE v. B. E. & K., INC.
63387. HINE v. FLO-CONTROL, INC.

SHULMAN, Presiding Judge.

On October 26, 1978, an expansion joint in a steam system in Georgia Kraft Company's facility in Rome, Georgia, failed. As a result of that failure, two Kraft employees, Davis and Lansdell, were fatally injured. Appellant Davis, in her own right and as administratrix of the estate of her deceased husband, and appellant Hine, as executor of the estate of Lansdell, brought suit against several defendants, including appellees. These appeals are from summary judgments granted to appellees.

1. As to all six of the cases under consideration here, appellants argue that the grants of summary judgment were improper because the trial judge did not consider certain depositions. The orders granting summary judgment, however, do not support that allegation. In three of the orders, the trial court indicated that it had considered the entire record. In the other three, it appears that the court considered all the depositions, affidavits, etc., on file. Those recitations bring these cases within the ambit of *Gen. Motors Corp. v. Walker,* 244 Ga. 191 (259 SE2d 449), which controls this issue adversely to appellants.

2. Appellants alleged that B. E. & K. was liable because it conducted an analysis of the steam system of which the expansion joint was a part and failed to warn of the danger of the system or to recommend measures to prevent the failure of the expansion joint. The undisputed evidence submitted by B. E. & K. in support of its motions for summary judgment was that it conducted an analysis of the system at a time when it was not contemplated that an expansion joint would be utilized in the system. That evidence also showed that Georgia Kraft Company did not incorporate in its design of the steam system the recommendations made by B. E. & K. Under those

circumstances, we see absolutely no causal connection between any conduct of B. E. & K. and the failure of the expansion joint and consequent death of appellants' decedents. The grants of summary judgment to B. E. & K. were proper. *Winslett v. Cooper, Carry & Assoc.,* 143 Ga. App. 202 (237 SE2d 698).

3. As the bases for Flo-Control's liability, appellants contend that Flo-Control was involved in the design and manufacture of the expansion joint; that Flo-Control failed to choose a reliable manufacturer for the expansion joint; that Flo-Control failed to inspect the joint prior to its sale; and that Flo-Control negligently failed to warn potential users of the dangerous nature of the expansion joint. Our review of the record convinces us, as it must have convinced the trial court, that none of appellant's assertions is supported by the evidence.

The evidence on file in these cases shows that Flo-Control ordered the expansion joint from the fabricator for Georgia Kraft Company. The specifications came from Georgia Kraft and were not altered or augmented in any way by Flo-Control. The design came from the fabricator and was approved by Georgia Kraft. The product was shipped directly from the fabricator to Georgia Kraft and was installed by someone other than Flo-Control. In short, Flo-Control acted as a go-between, facilitating the production of the expansion joint but contributing nothing to the actual design or fabrication. The portions of the record cited by appellants as supporting their contention that Flo-Control selected a fabricator it knew to be unreliable totally fail to accomplish that purpose. In fact, they support Flo-Control's assertion that it chose the fabricator because of positive previous experience with that company and because of the good reputation of that company.

In short, appellants have been unable to show any actionable negligence on the part of Flo-Control. In support of its motions for summary judgment, Flo-Control submitted evidence which showed that it had not breached any duty owed to appellants and that there was no causal connection between its conduct and the injuries suffered. Those being two indispensable elements of an action for negligence, their absence is fatal to appellants' actions against Flo-Control and the grants of summary judgment were proper. *Shepherd v. Whigham,* 111 Ga. App. 274 (2) (141 SE2d 583).

*Judgments affirmed. Quillian, C. J., concurs. Carley, J., concurs specially.*

DECIDED APRIL 9, 1982.

*Robert M. Brinson,* for appellants.

*Michael J. Gorby, Taylor Tapley, David M. Leonard, Edward Savell, N. Karen Deming, G. Terrell Davis, Robert R. Richardson,* for appellees (case nos. 63383, 63385, 63386).

*Michael J. Gorby, Taylor Tapley, David M. Leonard, Edward Savell, N. Karen Deming, William E. Turnipseed,* for appellees (case nos. 63384, 63387, 63388).

CARLEY, Judge, concurring specially.

I concur in the judgment of the majority affirming the grant of summary judgment in these cases, and I agree with all that is said in Divisions 2 and 3 of the opinion. I also agree with the ruling in Division 1 dealing with appellants' contention that the grant of summary judgment was error because of the trial court's failure to consider certain depositions. However I do not agree with the majority that the recitations in the trial court's orders "bring these cases within the ambit of *General Motors Corp. v. Walker,* 244 Ga. 191 (259 SE2d 449)." It appears that at least two of the depositions were not "considered" by the trial court as envisioned by *Walker.* Nevertheless "[t]here is nothing in the depositions which raises a genuine issue of material fact. To reverse and remand the case[s] under these circumstances would only serve to prolong litigation and undermine the policy in favor of 'the just, speedy, and inexpensive determination of every action.' CPA § 1 (Code Ann. § 81A-101)." *Miller Grading &c. v. Ga. Federal &c. Assn.,* 247 Ga. 730, 734 (279 SE2d 442) (1981). While, in my opinion, the trial court's order does not clearly show compliance with *Walker,* appellate courts should "not reverse the grant of summary judgment, even if it affirmatively appears that the trial court erroneously failed to consider a portion of the record, *unless the appellant can show that a genuine issue of material fact remains for trial."* (Emphasis supplied.) *Miller Grading &c. v. Ga. Federal &c. Assn.,* supra. No such showing has been made in this case and, therefore, I agree that there is no harmful error requiring reversal.