## 64008. LANDMARK FINANCE CORPORATION v. STEWART et al.

BIRDSONG, Judge.

Landmark Finance appeals from the trial court's order denying its petition for writ of possession and declaring Landmark's lien void.

The narration of proceedings and transcript evidence agreed to by the parties and the trial court shows as follows: "Bennie E. Stewart, Appellee,. . . filed a Chapter 13 Bankruptcy action on March 3, 1981, which was converted to a Chapter 7 action on July 15, 1981. Bonnie Stewart, appellee, . . . and wife of Bennie Stewart, filed a Chapter 7 Bankruptcy action on July 15, 1981.

"The appellees were granted discharges on September 29, 1981. In appellees' separate Bankruptcy petitions Landmark Finance Corporation, appellant, . . . was listed as an unsecured creditor, although appellant claimed to be a secured creditor, said security for appellees' debt being their household goods and furniture.

"At the first meeting of creditors in the above Bankruptcy proceeding, the appellant asserted that its claim was secured but no proof was offered thus the Trustee did not issue an abandonment order for appellee's household goods which allegedly secured appellees debt to appellant.

"On October 28, 1981 appellant filed a Writ of Possession in the State Court of Glynn County to foreclose on its secured interest in the appellees' household goods. The matter came on for a hearing on November 23, 1981, with the Honorable Judge Ronald Adams presiding and with both parties being present and represented by Counsel.

"The appellant as a secured creditor sought to repossess the appellees' household goods, since the appellees had defaulted on a promissory note to appellant, which was secured by appellees' household goods. The appellees answered that the disputed debt was discharged in Bankruptcy because appellant had not proved its claim nor had the household goods been abandoned by the Bankruptcy Trustee. Furthermore, appellees had claimed their statutory exemption in Bankruptcy (Ga. Code 51-1301.1 (4)) and asserted that their household goods were exempt thus barring any repossession by the appellant.

"In essence, the Trial Judge found that the appellees were entitled to the statutory Bankruptcy exemptions because appellant was not a secured creditor and the Trustee had not abandoned the household goods. As there was no evidence offered which was contrary to the Trial Judge's findings, the Judge denied appellant's Writ of Possession."

On appeal, Landmark contends simply that "because the Appellees had not avoided Appellant's lien as required by 11 USC § 522 (f), the household goods were still subject to the lien." He also cites 3 Collier on Bankruptcy, ¶524.01 (15th edition).

Inasmuch as the appellant has not argued or shown by any facts, documents or legal authority how the appellees failed to "avoid" the lien, the appellant has not sustained its burden on appeal to show error below. It is an ancient rule of appeals courts that the judgment below is presumed correct in the absence of clear showing to the contrary, the burden being upon the appellant to show error, and not upon the appeals court to find it.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JUNE 30, 1982 —
REHEARING DENIED JULY 20, 1982.

*Robert H. Baer,* for appellant.
Bennie E. Stewart, *pro se.*

ON MOTION FOR REHEARING.

Appellant contends this court erred in failing to require the trial court to issue findings of fact and conclusions of law pursuant to Code Ann. § 81A-152 (a). The detailed "narration" of proceedings issued by the trial court, concurred in by the parties, complies with Code Ann. § 81A-152 (a) sufficiently to afford a basis for review. The appellant, however, while arguing certain bankruptcy esoterics more urgently and cogently on motion for rehearing, provides no record of the bankruptcy proceeding on which it bases its contention of error below; and hence has still not borne its burden to prove that the trial court erred.

*Motion for rehearing denied.*