65545. EUNICE et al. v. CITICORP HOMEOWNERS, INC.

POPE, Judge.
Plaintiff Citicorp Homeowners, Inc. filed a petition for a writ of possession for the mobile home securing its loan to defendants. Defendants now appeal the grant of summary judgment for plaintiff, asserting that the trial court failed to consider the entire record in reaching its decision. Four documents are identified as those assertedly ignored: defendants' responses to plaintiff's request for admissions, defendants' answers to plaintiff's first interrogatories and defendants' two depositions.

1. In regard to the first two documents, defendants' contention is wholly without merit. The request for admissions and the interrogatories were filed on August 18, 1981 and the responses thereto were not filed until December 4, 1981, well beyond the time limits of OCGA §§ 9-11-33 (a) (2) and 9-11-36 (a) (2) (formerly Code Ann. §§ 81A-133 (a) and 81A-136 (a) (2)). Thus, even if we were to assume that the trial court did not consider the responses (which assumption would be contrary to the presumption of regularity; see cases cited in Divisions 2 and 3, infra), we find no error because the court would have been authorized to ignore them. See *Rucker v. Blakely,* 157 Ga. App. 615 (278 SE2d 158) (1981); *Hammett v. Bailey,* 147 Ga. App. 105 (248 SE2d 180) (1978).

2. In regard to the depositions, the record includes two sealed envelopes labeled as containing defendants' depositions and bearing the filing stamp of the clerk of the superior court. Sealed depositions in the record, in and of themselves, do not ordinarily overcome the presumption that the trial court has considered the entire record, as stated in its order. *General Motors Corp. v. Walker,* 244 Ga. 191, 193 (259 SE2d 449) (1979); see also *Bailey v. Johnson,* 245 Ga. 823 (6) (268 SE2d 147) (1980).

This generally holds true even where, as here, the trial court does

not expressly indicate in its order that it considered the entire record. *Smith v. Jones,* 154 Ga. App. 629 (1) (269 SE2d 471) (1980), reaffirmed in *Bimbo Bldrs. v. Stubbs Properties,* 158 Ga. App. 280 (2) (279 SE2d 730) (1981); but see *Davis v. B. E. & K., Inc.,* 162 Ga. App. 92, 94 (290 SE2d 305) (1982) (Carley, J., concurring specially). Because defendants offer us nothing other than the fact that the depositions on file remain sealed to support their contention that the trial court did not read the depositions, the issue is controlled adversely to their position by *Smith v. Jones,* supra. Moreover, even if defendants had shown that the court did not consider the depositions, their contentions would still fail because they have not shown that any genuine issue of material fact is presented in the depositions (see Division 3, infra). *Miller Grading Contractors v. Georgia Fed. Savings & Loan Assn.,* 247 Ga. 730 (3) (279 SE2d 442) (1981).

3. Defendants "submit to this court that there is a genuine issue of fact existing in this case which demands a trial by a jury." They, however, fail to enunciate what issue of fact exists or where it might be found in the record, and we will not scour the record unassisted for it. See *Miller Grading Contractors v. Georgia Fed. Savings & Loan Assn.,* supra; *Sanders v. Fulton Nat. Bank,* 148 Ga. App. 684 (1) (252 SE2d 189) (1979); see also Court of Appeals Rule 15(c)(3) (formerly Code Ann. § 24-3615(c)(3)); *Landmark Finance Corp. v. Stewart,* 163 Ga. App. 176, 177 (293 SE2d 364) (1982); see generally *Jackson v. Dept. of Transp.,* 159 Ga. App. 130 (1) (283 SE2d 59) (1981).

The contention suffers from the additional defect in that it was not enumerated as error in accordance with OCGA § 5-6-40 (formerly Code Ann. § 6-810) and therefore is not properly presented for review. See *Irvin v. Askew,* 241 Ga. 565 (2) (246 SE2d 682) (1978); see also *Champs-Elysses, Inc. v. Fulton Fed. Savings & Loan Assn.,* 247 Ga. 127 (1) (274 SE2d 482) (1981); *Hurston v. Georgia Farm Bureau Mut. Ins. Co.,* 148 Ga. App. 324 (2) (250 SE2d 886) (1978); see generally *MacDonald v. MacDonald,* 156 Ga. App. 565 (1a) (275 SE2d 142) (1980).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED JULY 7, 1983.

*Elsie H. Griner,* for appellants.
*Peter F. Boyce, R. Michael Thompson,* for appellee.