DECIDED JUNE 1, 1987.

*Robert H. Hishon*, for appellant.
*Russell S. Thomas*, for appellees.

74337. BRADDY et al. v. MORGAN OIL COMPANY, INC.
(358 SE2d 305)

BANKE, Presiding Judge.

In November of 1984, the parties entered into a "Commission Marketing and Lease Agreement," pursuant to which the appellee, Morgan Oil Company, Inc., was to supply petroleum products to the appellants, Raymond C. and Melvin A. Braddy, for resale to the public at a convenience store operated by them in Manchester, Georgia. The agreement called for all of the gross receipts from such sales to be remitted to Morgan Oil by the Braddys and for Morgan Oil then to compensate the Braddys in accordance with the following formula: "Compensation to [the Braddys] shall be based on Morgan Oil's 'laid in' cost, which is defined as Morgan Oil's cost from Shell Oil Company terminal at Macon, Georgia, plus common carrier freight rates plus 16.5 cents per gallon state and federal tax plus 3% Georgia sales tax. The difference between 'laid in' cost and retail shall be divided between Morgan Oil and [the Braddys] on a 50-50 basis."

The present dispute arose over the parties' interpretation of the phrase, "Morgan Oil's cost from Shell Oil." The Braddys contend that the term was intended to refer solely to the actual invoice price paid to Shell Oil, whereas Morgan Oil interprets the term to include certain overhead costs as well.

In reviewing the weekly settlement statements furnished to them by Morgan Oil, the Braddys observed that Morgan's calculations reflected an unusually high cost for the gasoline in comparison with the cost of other brands of gasoline they were distributing at other convenience stores they operated. As a result of this discrepancy, the Braddys notified Morgan Oil that they considered the "laid in" costs as reported in the weekly statements to be greatly inflated, and they requested documentation from which the actual "laid in" cost could be determined. They further informed Morgan Oil that they deemed it to be in breach of the lease agreement because of the alleged deficiency.

Morgan Oil initially responded that its calculations were in compliance with the agreement and that no improper enhancement of the "laid in" costs had occurred. However, it subsequently acknowledged having underpaid the Braddys by $7,257.46 and tendered them a check in that amount. The Braddys returned this check, explaining

that they could not ascertain whether it included all that was owed them, inasmuch as Morgan Oil still had not provided them with sufficient documentation to enable them to verify its figures. Also, the Braddys again informed Morgan Oil that they considered it to be in material default of the lease agreement as a result of the alleged deficiencies; and they accordingly declared the agreement "terminated pursuant to paragraph 18," which provides for such termination in the event of a failure to correct a default within 10 days of notification thereof.

While continuing to do business with Morgan Oil under the agreement, the Braddys filed the present action to obtain a declaratory judgment regarding their termination rights, as well as to recover actual and punitive damages for breach of contract, conversion, and fraud. Morgan Oil moved for and was granted summary judgment with respect to the tort and declaratory judgment counts of the complaint, and the Braddys filed this appeal. *Held*:

1. The Braddys contend that the trial court erred in failing to consider certain discovery depositions which were on file with the court but remained under seal at the time the trial court ruled on the motion for summary judgment. In his order, the trial judge specified that he had read and considered "all briefs of the parties" but did not specifically state that he had considered the depositions. This court has held that such a recital does not overcome the presumption that the trial court has considered the entire record. See *Eunice v. Citicorp Homeowners*, 167 Ga. App. 335 (306 SE2d 395) (1983). Moreover, the Braddys have not shown that any of the testimony contained in the depositions raised any genuine issue of material fact with regard to the tort and declaratory judgment counts of the complaint. Accordingly, this enumeration of error establishes no ground for reversal. See *Miller Grading Contractors v. Ga. Fed. &c. Assn.*, 247 Ga. 730, 734 (279 SE2d 442) (1981). See also *Davis v. B. E. & K., Inc.*, 162 Ga. App. 92, 94 (290 SE2d 305) (1982) (Carley, J., concurring specially).

2. The trial court did not err in granting summary judgment to Morgan Oil with respect to the declaratory judgment claim. Pursuant to OCGA § 9-4-1, declaratory judgments are authorized where needed to "settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." The Braddys submit that declaratory judgment relief is needed to enable them to determine whether they are obligated to continue doing business with Morgan Oil under the agreement or whether they instead have sufficient ground to consider the agreement terminated. See generally *Gay v. Hunt*, 221 Ga. 841 (148 SE2d 310) (1966). However, this question will necessarily be resolved by the outcome of the breach of contract claim, which is presently pending before the trial court. It has long

been held that an action for a declaratory judgment does not lie where a simple action for breach of contract will give full and complete relief. See *City of Summerville v. Sellers*, 82 Ga. App. 361 (61 SE2d 160) (1950). Moreover, "[a] declaratory judgment will not be rendered to give an advisory opinion in regard to questions arising in a proceeding pending in a court of competent jurisdiction in which the same questions may be raised and determined. [Cits.]" *Tennessee Farmers Mut. Ins. Co. v. Wheeler*, 170 Ga. App. 380, 381 (317 SE2d 269) (1984). See also *Kiker v. Hefner*, 119 Ga. App. 629 (2) (168 SE2d 637) (1969).

3. The trial court was also correct in ruling that no action for conversion lies under the circumstances of the present case. " 'Conversion is the unauthorized assumption and exercise of the right of ownership over personal property belonging to another which is contrary to the owner's rights. [Cit.]' " *Rush v. Farmers &c. Bank*, 162 Ga. App. 65 (290 SE2d 164) (1982). The agreement between the parties provided that all sums collected by the Braddys were immediately to become the sole property of Morgan Oil and were to remain so until such time as the Braddys' share was remitted back to them by Morgan Oil. Whether Morgan Oil has remitted to the Braddys all they are entitled to is solely a question of contractual interpretation. Thus, the trial court did not err in granting summary judgment to Morgan Oil on the conversion claim.

4. The trial court similarly did not err in granting summary judgment to Morgan Oil with respect to the Braddys' fraud claim. See generally *Brown v. Ragsdale Motor Co.*, 65 Ga. App. 727 (3) (16 SE2d 176) (1941). The testimony offered by the appellants in support of this claim was self-contradictory. In an affidavit offered in opposition to Morgan Oil's motion for summary judgment, Raymond Braddy averred that Leonard Morgan had told him prior to their execution of the agreement that the "laid in" costs were to include only the price of the gasoline actually paid to Shell Oil, plus freight and taxes. However, in a prior deposition, Raymond Braddy had testified that no such preliminary discussion occurred, and he has offered no explanation whatever for the contradiction. Consequently, the trial court was authorized to construe his testimony against him and to disregard his affidavit. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 30 (343 SE2d 680) (1986).

5. Because summary judgment was properly granted to Morgan Oil with respect to the tort claims, it follows that the Braddys have no claim for punitive damages. See *Horne v. Drachman*, 247 Ga. 802 (280 SE2d 338) (1981); OCGA § 13-6-10.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JUNE 1, 1987.

*John T. Croley, Jr.*, for appellants.
*James E. Humes II*, for appellee.