76592. CITY OF McDONOUGH v. WALKER et al.
(373 SE2d 238)

McMURRAY, Presiding Judge.

The City of McDonough brought this condemnation action in the Superior Court of Henry County. Condemnees acknowledged service of the petition and the case was heard by a special master. The special master awarded condemnees a total of $20,660, representing actual and consequential damages. The city appealed and so did the condemnees.

Upon the conclusion of the case, a jury awarded condemnees $18,000. Judgment was entered in accordance with the verdict. Thereafter, condemnees filed a motion for attorney fees and expenses of litigation pursuant to 42 USC § 1988.

The trial court granted condemnees' motion. It awarded condemnees' attorney fees of $2,786.25 and litigation expenses of $1,253.43. The city appeals. *Held*:

The Civil Rights Attorney's Fees Awards Act of 1976, 42 USC § 1988, provides that attorney fees may be awarded to the winning party in any action in which the party's civil rights are enforced. This fee provision is part of the remedies afforded in civil rights actions (42

USC § 1983, inter alia) and it applies to actions brought in federal or state courts. *Maine v. Thiboutot*, 448 U. S. 1 (100 SC 2502, 65 LE2d 555). Does this fee provision have application in the ordinary condemnation proceeding? We previously held, in *Jackson v. Dept. of Transp.*, 159 Ga. App. 130, 132 (2) (283 SE2d 59), that it does not and we reiterate our ruling in that case: A condemnation proceeding is "no more than an ordinary legal action by the [condemnor] to condemn private property in accordance with the condemnation statutes of this state. We have difficulty converting this procedure into a civil rights' violation. [Condemnees] raised no legal objection to the propriety of [the] taking, contesting only the value of the property taken and consequential damages. It is the clearly announced law of this state that attorney fees (as well as expenses involved in defense of the litigation) are not recoverable, i.e., that such costs are not a part of the condemnation process. [Cits.]" *Jackson v. Dept. of Transp.*, supra.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 7, 1988 —
REHEARING DENIED SEPTEMBER 21, 1988

*Arch W. McGarity*, for appellant.
*Wade M. Crumbley*, for appellees.