In the Matter of Hollis O'Neal GEIGER, Debtor.

Chase Home Finance LLC, Its Successors and/or Assigns, Movant,

v.

Hollis O'Neal Geiger, Debtor, Camille Hope, Trustee, Respondents.

No. 05–54262.

United States Bankruptcy Court, M.D. Georgia, Macon Division.

March 30, 2006.

G. Alfred Brunavs, Martin & Brunavs, Atlanta, GA, Molly L. McCollum, Molly L. McCollum, P.C., Macon, GA, for Movant.

Wayne Gilleland, Macon, GA, for Hollis O'Neal Geiger.

Camille Hope, Tony D. Coy, Chapter 13 Trustee, Macon, GA, for the Chapter 13 Trustee.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, JR., Chief Judge.

Chase Home Finance LLC, Its Successors and/or Assigns, Movant, filed a Motion To Validate Foreclosure Sale Or, In The Alternative, Motion For Relief From Stay on November 16, 2005. A hearing on the motion was held on December 19, 2005. The hearing was concluded on February 2, 2006. The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

Hollis O'Neal Geiger, Respondent, signed a promissory note dated January 27, 2003, in favor of Movant. As security for the obligation, Respondent signed a deed to secure debt granting Movant a security interest in certain real property in Lamar County, Georgia.

Respondent defaulted on his obligation and Movant foreclosed on its security interest. Movant's counsel conducted the foreclosure sale on the first Tuesday of the month, October 4, 2005, at 10:00 A.M., on the courthouse steps in Lamar County, Georgia.[1] Movant was the highest bidder. The foreclosure sale was concluded at approximately 10:05 A.M.

Respondent filed a petition under Chapter 13 of the Bankruptcy Code on October 4, 2005, at 10:55 A.M. It is undisputed that the foreclosure sale was concluded prior to Respondent filing for bankruptcy relief.

The issue before the Court is whether Respondent had an interest in the real property when he filed for bankruptcy relief. Movant contends that the foreclosure sale was final upon its acceptance of the highest bid. Movant contends that Respondent's interest in the real property terminated prepetition and that Respondent is a tenant at sufferance. Respondent contends that the foreclosure sale was not final because there was no tender of consideration (the bid amount) and no execution of a deed of foreclosure. There is no evidence that Movant made an "internal notation on its records" that it was the highest bidder before Respondent filed for bankruptcy relief.

 Federal law determines whether an interest in property is property of the bankruptcy estate. The nature and existence of the interest is determined by state law. *Witko v. Menotte, (In re Witko)*, 374 F.3d 1040, 1043 (11th Cir.2004). A debtor's equitable right of redemption is property of the bankruptcy estate. *Commercial Federal Mortgage Corp. v. Smith, (In re Smith)*, 85 F.3d 1555, 1557–58 (11th Cir.1996). Whether a debtor's equitable right of redemption was terminated by a foreclosure sale is a question of state law.

 Georgia law provides that a properly conducted foreclosure sale divests the interest of the debtor and places such interest in the purchaser. *Redwine v. Frizzell*, 184 Ga. 230, 190 S.E. 789, 793 (1937); *Uvalda Naval Stores Co. v. Cullen*, 165 Ga. 115, 139 S.E. 810, 811 (1927); *Carrington v. Citizens' Bank of Waynesboro*, 144 Ga. 52, 85 S.E. 1027, 1028 (1915). The Georgia Supreme Court has held that the highest bidder obtains no interest in the property being foreclosed upon simply by submitting the highest bid. *Champs-*

---

1. O.C.G.A. § 44–14–162 (2002); § 9–13–161 (1993). Movant's counsel, Thomas E. Baynham, III, testified that he conducted the foreclosure sale on November 7, 2005. The Court, having considered the evidence presented, is persuaded that Mr. Baynham was mistaken as to the date and that the foreclosure occurred on Tuesday, October 4, 2005.

*Elysses, Inc. v. Fulton Federal Savings & Loan Assoc.,* 247 Ga. 127, 274 S.E.2d 482, 484 (1981); *Moody v. Mendenhall,* 238 Ga. 689, 234 S.E.2d 905, 906 (1977); *Smith v. Oliver,* 219 Ga. 720, 135 S.E.2d 862, 865 (1964). The highest bid merely forms a contract for sale at the bid price. *Moody,* 234 S.E.2d at 906; *Smith,* 135 S.E.2d at 865. The debtor's interest in the property terminates and the highest bidder obtains such interest only after tender of the bid amount is made to the person conducting the sale. *Champs–Elysses, Inc.,* 274 S.E.2d at 484; *Smith,* 135 S.E.2d at 865.

■ In *Leggett v. Morgan, (In re Morgan),*[2] Liberty Savings Bank foreclosed on its deed to secure debt. Herrin was the highest bidder at the foreclosure sale. Immediately after the sale, Herrin gave the bank an "official check" for the bid amount. About one hour later, the debtors filed for bankruptcy relief. The foreclosure deed was not executed before the debtors filed for bankruptcy relief. This Court held that the debtors' interest in the property expired before their bankruptcy petition was filed. The Court stated in part:

> The Court now turns to the question of whether Debtors had any interest in their residence when their bankruptcy petition was filed. Section 541(a)(1) of the Bankruptcy Code provides that a bankruptcy estate includes all legal and equitable interests of the debtor in property as of the commencement of the case. Debtors' joint bankruptcy case was commenced when they filed their petition.
>
> Under Georgia law, a deed to secure debt transfers legal title to the property conveyed to the grantee and the grantor

retains equitable title with the equitable right of redemption by payment of the debt. Redemption can be accomplished only by payment in full of the secured debt.

This equitable right of redemption is a property right of the debtor within the jurisdiction of the bankruptcy court.

State property law generally determines what property rights are in the bankruptcy estate.

In Georgia, a properly conducted foreclosure cuts off the grantor's equitable right of redemption.

. . .

The Court is persuaded that Debtors' equity of redemption expired before their bankruptcy petition was filed. Movants and Debtors agree that the foreclosure deed was not executed before the bankruptcy petition was filed. In *Dye,* the former Fifth Circuit stated that until the foreclosure deed is transferred, the sale itself has not occurred. Movants, under the *Dye,* analysis, had a contract with Liberty Savings Bank to buy the property. Movants fully complied with their part of the contract by giving Mr. Bledsoe an "official check." The Court is persuaded that Debtors residence was not property of the estate when the bankruptcy petition was filed.

115 B.R. at 401–02.

In *Federal Deposit Insurance Corp. v. Dye,*[3] the FDIC attempted to foreclose on certain real property. The FDIC was the highest bidder. The FDIC did not execute deeds of foreclosure or make any payment pursuant to its bid at the foreclosure sales. The FDIC later learned that

---

**2.** 115 B.R. 399 (Bankr.M.D.Ga.1990).

**3.** 642 F.2d 837 (5th Cir. Unit B, April 17, 1981). This Court is bound by all decisions handed down by the former Fifth Circuit pri-

or to October 1, 1981. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981.)

the foreclosure advertisements had contained incorrect information. The FDIC then sued Dye for the outstanding balances on the promissory notes as if there had been no foreclosure sales. The former Fifth Circuit Court of Appeals held that there had been no consummated foreclosure sales and that the FDIC could sue Dye on the outstanding balances of the promissory notes. The circuit court stated in part:

We are persuaded by FDIC's argument, however, that even if the sales were not void, they were never consummated: no deed was transferred and no consideration passed. Georgia law treats the high bid at a foreclosure sale as forming a contract: the bidder contracts with the debtor to purchase the property at the bid price. *See Moody v. Mendenhall*, 238 Ga. 689, 234 S.E.2d 905 (1977) (suit by debtor to enforce specific performance by bidder). Until the deed is transferred the sale itself has not occurred; there is only a contract to buy and sell.

By analogy, we conclude that to constitute a foreclosure sale which would preclude a judgment for the full amount of the note, the proceeds of the sale must have been transferred from the bidder to the creditor. The next question is whether this transfer occurred in the case before us. Where the bidder and creditor are the same entity, there must be an objective standard to determine when or if the transfer has occurred. The parties direct us to no such standard. However, where the deeds have not been delivered nor have the notes been marked paid in full, it is clear that the proceeds of sale have not been transferred in the cases before us. Thus, there were no valid foreclosure sales to prevent FDIC from suing for the previously outstanding balance of the notes.

642 F.2d at 843.

Turning to the case at bar, the Court is not persuaded that the foreclosure sale was consummated. No foreclosure deed was executed and Movant points to no objective standard to show that the transfer occurred. The Court is persuaded that Respondent's interest in the real property was not terminated before Respondent filed for bankruptcy relief. The Court is not persuaded that Respondent is a tenant at sufferance subject to eviction. The Court is persuaded that Movant's motion to validate foreclosure sale and motion for relief for stay should be DENIED.

An order in accordance with this memorandum opinion shall be entered this date.